## MERRIMAN *v.* KEYSTONE MUT. BEN. ASS'N.

(*Supreme Court, General Term, Fifth Department.*   April 13, 1892.)

MUTUAL BENEFIT INSURANCE—NOTICE OF DEATH ASSESSMENTS.

> Where a mutual benefit association, from its home office in another state, mailed to plaintiff, a member, a notice of the death of another member, which notice required plaintiff to pay an assessment therein stated within 30 days from the date of the notice, under penalty of forfeiture of his policy, and plaintiff, through no fault of his, did not receive such notice until after the expiration of the 30 days, it was no such notice as, in the absence of an agreement to that effect, would work a forfeiture of plaintiff's policy.

Appeal from judgment on report of referee.

Action by M. Le F. Merriman against the Keystone Mutual Benefit Association. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*George T. Spencer,* for appellant.   *Daniel L. Benton,* for respondent

MACOMBER, J.   The plaintiff brings this action as assignee of a policy of insurance, which was issued to one Seth H. Merriman by the defendant on the 26th day of February, 1881.   On the last-named day the defendant, in consideration of the sum of $9.25 paid to it by Seth H. Merriman, delivered its policy to the latter on his life, by which, in consideration of such sum and of the annual payment of $6.25 for the next succeeding four years, and thereafter the further sum of $3.25, annually, for five years, together with the payment of mortality assessments according to the charter and by-laws of the defendant, the latter promised to pay to said Merriman in 9 years from the date of said policy, or 90 days after his death, if death occurred prior thereto, to his executors, administrators, or assigns, the sum of $1,000.   The insured paid to the defendant all the sums required to be paid by the terms of the policy, including mortality assessments upon said policy from the issuing thereof to the 2d day of January, 1888.   A loss, by death, having occurred to the company prior to January 2, 1888, an assessment was duly made upon Merriman and others; and Merriman's *pro rata* amount thereof was $1.98. On that day, to-wit, the 2d day of January, 1888, the defendant mailed the printed notice of such death, and of the cause thereof, with such assessment, which notice required the insured to remit to the office of the defendant, by draft, postal order, or check, or pay to its authorized collecting agent, such assessment within 30 days from the date of said notice, and that otherwise the policy would be forfeited.   This notice, as the evidence shows, and as the learned referee has found, did not reach the assured until the 7th day of February, 1888, owing to some unexplained derangement of the mail at Hornellsville, N. Y.   Immediately on the actual receipt of the notice, Merriman sent the proper sum of money for that assessment, and for another one of which he had been notified by mail February 1, 1888.   But the defendant refused to receive such payment, and insisted that the policy was forfeited, and that the company was no longer bound by the terms thereof.   On the 26th day of January, 1888, the defendant sent to Merriman, by mail, a notice that his annual premium upon the policy of $3.25 would be payable on the 26th day of February, 1888.   On the 1st day of February, 1888, the defendant notified Merriman by mail of the death of another member of the association, and of an assessment against him therefor of $1.98, with directions to forward the same as in former notices.   The notice of January 2, 1888, to pay the mortuary assessment, contained the statement that the assessment would fall due on the 1st day of February, 1888.   The learned referee has held, in a very interesting opinion delivered by him, that the fact that the defendant mailed the second mortuary notice on February 1, 1888, was either

a waiver of the forfeiture which had been worked by the failure actually to pay the assessment of January 2d, or that it was at least a waiver of the company's notice to the insured that it would insist upon such forfeiture. While it seems to us that the company, on the 1st day of February, 1888, knowing that the insured had all of that day in which to pay the assessment of January 2d, was not obliged to wait to see if there was a failure in making such payment, but might proceed with its ordinary and customary business on the assumption that the assured would fulfill his part of the contract, yet we are not disposed to overrule the views of the referee in this particular, as we think that there are other grounds upon which the affirmance of the judgment may be rested without now passing upon this one. The statute (chapter 341, Laws 1876, as amended by chapter 321, Laws 1877) requires, among other things, the following: "Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly-appointed agent or other person authorized to collect such premium, within thirty days after mailing of such notice, that such policy and all payments thereon will become forfeited and void: provided, however, that a notice stating when the premium will fall due, and that, if not paid, the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty days, and not more than sixty days, prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for." The notice of January 2, 1888, which is now relied upon to work a most unconscionable forfeiture, does not conform to this statutory requirement. The notice was to pay "within 30 days from the date of notice; otherwise your policy will be forfeited." It failed (1) to notify the assured that all payments which had been made thereon would become forfeited; and (2) it failed to notify the assured that the policy would be void. Doubtless a person skilled in legal proceedings might infer from this notice that if the company took steps to forfeit the policy the prior payments made as premiums and mortuary assessments might be forfeited also. But the notice does not say so. Having regard for the intelligence and technical knowledge of the class of persons to whom such insurance is made most attractive, we are unable to say that the notice, as actually served, conveyed any such idea to the assured. We content ourselves by holding that it did not necessarily convey such idea, and that the assured might, and probably did, understand from its language that before he could be actually deprived of the benefit of the policy some step would be necessary to be taken by the company, and that such action might and probably would involve the repayment to him of the premiums and mortuary assessments already disbursed by him. *Phelan* v. *Insurance Co.*, 113 N. Y. 147, 20 N. E. Rep. 827.

But there is a further question in this case, and that is whether conformity to our statute in relation to service of notices for the payment of premiums is applicable to the payment of mortuary assessments. The statute was undoubtedly passed for the purpose of requiring insurance companies to jog the memory of persons who, in ordinary matters, are conclusively charged with knowledge of the time when their obligations mature. There seems to have been no further purpose in the enactment than that. The legislature, doubtless for a wise public policy, determined not to permit a forfeiture, although accomplished by means of the terms of the contract, unless within the period named the party should be actually notified of his obligation to pay. But in the case of the mortuary assessments the insured is not charged directly or indirectly with knowledge of them, because from the very nature of the case they are uncertain both in number and in time. On principle there exists no reason why, in the case of mortuary assessments, the insurance company should not be driven to common-law proof of notice to the policy-holders of an assessment before a forfeiture of a policy can be legally claimed. This position finds some verification in chapter 328 of the Laws of 1885, which

was supplementary to the statutes above mentioned. By this law it was enacted that the previous statute should not apply to policies issued upon monthly or weekly installments of premiums, provided the notice therein mentioned should be waived in the application for such policies, or in the additions to such application. The policy before us required the payment of the mortality assessments according to the charter and by-laws of the association, and the terms stipulated in the application upon which the policy was issued. But what the charter is, what its by-laws, and what the terms in respect thereto in the application for the policy are, we are not informed, because these matters were not put in evidence before the referee, and are not returned to us upon this appeal. We are of the opinion, therefore, in the absence of proof of a contract that should make the mailing of a notice for a mortuary assessment of the same force and effect as the mailing of a notice for the premium, that the defendant must be driven to its common-law proof, and must stand or fall thereby. It is shown that the notice of such an assessment was properly mailed from the home office of the defendant in the state of Pennsylvania. From that fact a presumption would arise that the notice which was shown to have been properly addressed to the assured reached him in due course of mail. But this presumption has been absolutely overcome by positive evidence, which resulted in the finding of fact by the referee, that the letter mailed on the 2d day of January, 1888, did not reach the party addressed until the 7th day of February of that year on account of the derangement of the mails, and not by reason of any act of the plaintiff. It is not shown that the plaintiff had any knowledge outside of such notice that an assessment at that time had been made. In the absence, therefore, of some positive agreement which would enable insurance companies, by mailing a letter in a foreign state containing a notice of mortuary assessment, to insist upon a forfeiture of a policy that had continued for seven years out of the nine years for which it was issued, we think, under these proofs, that the defendant failed to notify the assured of the assessment mentioned in its notice of January 2, 1888. For these reasons we think that the judgment appealed from should be affirmed. All concur.