JANE A. McDOUGALL AND SHIRLEY E. BROWN, AS ADMINISTRATORS OF JOHN McDOUGALL, DECEASED, PLAINTIFFS, v. THE PROVIDENT SAVINGS LIFE ASSURANCE SOCIETY OF NEW YORK, DEFENDANT.

*Life insurance — when a policy for one year is a continuing policy — form of notice of forfeiture to be sent under section 1 of chapter 321 of the Laws of 1877.*

A policy of insurance purported to insure the life of the person named therein for one year only, but the instrument showed that it was contemplated by the parties that if the insured paid an annual premium he might, at his option, keep the policy alive until his death.

The only right given the insurance company upon its part to terminate the right of the assured to continue the policy arose in case the insured impaired his health by the use of stimulants or narcotics.

*Held,* that such a policy was amenable to the provisions of section 1 of chapter 321 of the Laws of 1877, forbidding a company to forfeit a policy unless it had mailed to the insured a notice stating the amount of the premium, and when and where it was to be paid, and had complied with the other requirements of said section.

The said section first provides for a case where a premium is not paid when due; and in its last clause it also provides for a notice to be given at least thirty, and not more than sixty, days before a premium becomes due, said notice to state that if the premium is not paid when due the policy and all payments thereon will become forfeited and void; and when this notice is properly given that it shall have the same effect as the notice first mentioned.

Under this last clause a company gave to the insured a notice in this form: "In order to continue and extend the insurance it will be necessary that the payments required for that purpose shall be paid on or before the date above mentioned as stipulated in the policy contract. This notice is given to meet the requirements of the New York law."

*Held*, that the notice did not meet the requirements of the statute, and was of no effect.

EXCEPTIONS of the defendant, The Provident Savings Life Assurance Society of New York, taken upon a trial had at the Steuben Circuit before the court and a jury, at which a verdict was directed for the plaintiff for $10,312.23, which exceptions were ordered to be heard in the first instance at General Term, judgment in the meantime to be suspended.

The question presented in this case arose under section 1 of chapter 321 of the Laws 1877, which is as follows:

"Section 1. No life insurance company doing business in the State of New York, shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided.

"Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last-known post office address, postage paid by the company, or by an agent of such company or person appointed by it to collect such premium.

"Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within

thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void.

"In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice.

"Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty, and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

*James H. Stevens, Jr.*, for the plaintiffs.

*Stephen G. Clarke*, for the defendant.

MACOMBER, J.:

This action was brought upon a policy of life insurance, issued by the defendant to one John McDougall, which was made payable, in case of his death, to his personal representatives or assigns.

At the close of the evidence the counsel for the defendant asked the court to direct a verdict in favor of his client, which was refused and an exception was taken by him. Thereupon counsel for the plaintiffs moved that the court direct a verdict for the plaintiffs, which was accordingly done. The question presented relates to the application of chapter 321 of the Laws of 1877, pertaining to the thirty-day notice to the insured to pay accruing premiums. The contention made by the learned counsel for the defendant is that the notice required by this law is not applicable to the particular contract made in this instance; and, further, that if it should be held that such notice is required, the one that was actually served was sufficient under such statute. To neither of these propositions are we able to assent.

The policy was issued on the 23d day of July, 1884, and insured the deceased in the sum of $10,000  In view of the attitude taken

by the counsel for the defendant, it may, perhaps, be necessary to quote from the policy the material parts of the contract between the parties.   These are as follows :

" The Provident Savings Life Assurance Society of New York, in consideration of the application herefor, and which is made a part of this contract, and in consideration also of the payment of $184.80, doth hereby promise to pay to John McDougall, the assured under this policy, or to the legal representatives or assigns of said assured, at its office in the city of New York, the sum of ten thousand dollars, within ninety days after acceptance of satisfactory proof of the death of John McDougall of Hornellsville, county of Steuben and State of New York (the insured under this policy) provided such death shall occur before twelve o'clock noon on the 23d day of July, A. D. 1885.

"And the said society promises and agrees to renew and extend this insurance during each successive year from the date hereof, upon condition that the assured shall pay, on or before the 23d day of July, and in each successive year during the continuance of this contract, the mortuary premiums as called for by the society, in accordance with the schedule rates, for the actual age printed on the back of this policy, and also an expense charge of three dollars on each one thousand dollars insured herein, the payment of said annual mortuary premium and the annual expense charge being the consideration for the continuance of the insurance in each successive year, and provided also that the conditions, stipulations and agreements upon which this policy is issued shall be faithfully observed and fully carried out.

" Premiums shall be paid, as called for, to the society at its office in the city of New York, on or before the dates herein specified."

Then follow provisions for a deposit in bank of seventy-five per cent of the mortuary premium, in trust for the settlement of death claims, the remaining twenty-five per cent to be invested in securities authorized by law.   The policy then provides: "Notice -of the amount of the quarterly premium falling due, and demand for its payment, addressed to the within named assured at his post-office address as it appears on the books of the society, deposited in the post-office, postage prepaid, is accepted by the assured as a sufficient personal notice and demand."

The only provision in the policy enabling the insurance company to terminate the contract is as follows: "Should the within named insured impair his health by an excessive use of stimulants or narcotics, the society reserves the right to cancel its agreement to continue and extend this insurance by notice sent to him in the manner above specified, in respect to notices of premiums, and agrees to repay to the assured, in that event, on demand at its office in the city of New York, his full share of the aforesaid guarantee fund."

An ingenious argument has been constructed by the defendant's counsel, to the effect that this contract does not fall within the provisions of chapter 321 · of the Laws of 1877, because it was a contract originally for an insurance for one year only, and that a notice to pay an annual premium was not contemplated by its terms. He fortifies his argument by the assertion that the annual premium which the assured was required to pay was less than the amount that would have been required by the ordinary policies issued upon the life of insured persons. But, as it seems to us, the particular form of this policy is unimportant, provided it appears from the whole instrument, as we think it clearly does, that there was an intention on the part of the contracting parties that the insurance should be continued until the death of the assured, providing he fulfilled his part of the agreement in respect to the payment of the premiums. It was not competent, under this contract, for the defendant, at any time, to terminate the agreement except under the provision in respect to impaired health through the use of stimulants and narcotics, which provision does not concern the case in its present aspect. On the contrary, it was in the power of the insured to continue the contract by the payment of the annual premium. Under these circumstances, we do not see but that this is, in effect, the ordinary insurance contract entered into by insurance companies organized and doing business in this State, one of which the defendant is shown to be. No scheme, however ingenious, can be devised by any insurance agent which the courts can permit to be successful in eluding the provisions of this most reasonable statute, which requires a notice to the assured thirty days before his premium falls due.

The argument of the learned counsel is, as it seems to us, fal-

lacious in this respect; that while it is evident that the contract might not continue for more than one year, it may, nevertheless, at the option of the assured, continue during his natural life. In this respect the agreement is precisely the same as that of all ordinary insurance contemplated by the act in question. It matters not whether the provision of the contract is called a "condition" or not, it is the substance of it which the courts should look to; and we find in this contract a clearly expressed intention on the part of both parties, the one to insure, and the other to pay for the insurance, during the life of the insured, so long as the premiums were paid in pursuance of the terms of the contract.

In respect to the assertion that the annual premium was less, because the contract was only one from year to year, it may well be that the company could afford to make it less by so much, provided it was not required to give a notice of the accruing premiums, as provided for by this statute. We think, therefore, that this policy must be regarded as the usual contract of the insurance companies organized and doing business in this State; and we accordingly hold that the company is amenable to this statute which requires it to send notice in pursuance of the act of 1877.

But it is further contended by counsel for the defendant that the notice which they did, in fact, send, was sufficient under the statute. This policy, which was issued on the 23d day of July, 1884, was continued from year to year by the payment of the annual premium, the last of which was in July, 1887, and this kept alive the contract until July 23, 1888. The insured died in the month of November, 1888, not having paid the annual premium maturing July 23, 1888.

The notice which the defendant sent to the insured thirty days preceding the 23d of July, 1888, was, so far as this question is concerned, as follows: "In order to continue and extend the insurance it will be necessary that the payments required for that purpose should be paid on or before the date above mentioned, as stipulated in the policy contract. This notice is given to meet the requirements of the New York law."

This notice was not prepared in conformity with the provisions of the statute. The part of the statute material to this inquiry is as follows: "Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments

thereon will become forfeited and void, served in the manner heretofore provided, at least thirty days and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

Under this clause of the statute it is evident that the notice which was actually mailed by the defendant, within the statutory period preceding the 23d day of July, 1888, was insufficient. In the case of *Phelan* v. *The Northwestern Mutual Life Insurance Company* (113 N. Y., 147) the notice was as follows: " The conditions of your policy are that payment must be made on or before the day the premium is due, and members neglecting so to pay are carrying their own risk. Agents have no right to waive forfeitures. * * * Prompt payment is necessary to keep your policy in force," but the court held that such notice did not, in its terms, conform to the statute, and says: " Many ignorant and unlearned people seek to avail themselves of the advantages proposed by these companies. The statute is designed for the protection of all classes, and the language it prescribes for notice is intelligible to all. To say that in a declared event 'a policy will become forfeited and void' conveys a meaning easily to be comprehended. To refer to the policy and conditions and say that ' members neglecting so to pay are carrying their own risk' is quite another thing; and while it may be comprehensible to those versed in the language of insurers and accustomed to their phraseology, it is not the language of the statute and does not embody the notice which the statute requires." (See also cases there cited, and *Merriman* v. *Keystone Mutual Benefit Association*, 18 N. Y. Supp., 305.)

If these views are correct, it follows that the direction made by the learned justice at the circuit was also correct, and, consequently, that the exceptions taken by the defendant should be overruled.

DWIGHT, P. J., and LEWIS, J., concurred.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.