ELLEN PHELAN, as Administratrix, Appellant, v. THE NORTH-WESTERN MUTUAL LIFE INSURANCE COMPANY, Respondent.

Defendant, a foreign insurance company, doing business in this state, issued a policy to P., plaintiff's intestate. Before a payment of premium became due it sent to P. a notice, in attempted compliance with one of the conditions of forfeiture for non-payment of premiums imposed by the act of 1877 (Chap. 321, Laws of 1877), *i. e.*, that "a notice stating when the premium will fall due, and that if not paid the policy * * * will become forfeited and void" must "be duly addressed and mailed to the person whose life is assured, at his last known post-office address, postage paid," at least thirty and not more than sixty days before the premium is payable. The notice, after stating the amount of the premium, the time when it would fall due, where it was to be paid, and that the conditions of the policy required payment to be made on or before the day the premium is due, added, "and members neglecting so to pay are

carrying their own risks," and, as a postscript, " prompt payment is necessary to keep your policy in force." There was no statement that if payment was not made the policy would " become forfeited and void." *Held*, that the notice was not a compliance with the requirements of the statute and was insufficient to work a forfeiture.

The only proof of service of the notice was that it was found among the papers of the deceased two days after his death and seventeen days after the premium became due. The residence of the deceased at the time notice should have been given was " No. 45 Warren street, NewYork." This was known to and appeared upon defendant's books. The notice was addressed to him at No. 37 Barclay street. *Held*, that it was not to be presumed that the notice was mailed on the day of its date or that the envelope was properly addressed, on the contrary, the presumption, in the absence of other evidence, was that the address on the envelope corresponded to the address on the letter; nor was it to be presumed that the letter reached P. in due course of mail.

*Phelan* v. *N. W. M. L. Ins. Co.* (42 Hun, 419) reversed.

(Argued March 12, 1889; decided March 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1886, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial.

The nature of the action and the material facts are stated in the opinion.

*Raphael J. Moses, Jr.,* for appellant. The manner of giving notice pointed out by the statute cannot be waived, the mode as much as the thing is a statutory requirement. (*Billings* v. *Picket*, 39 Hun, 504.) *Carter* v. *Brooklyn Life Insurance Company* is decisive of this case. (110 N. Y. 15.)

*David Willcox* for respondent. The dates of written instruments are presumptive proof of the time when they were delivered. (*Costigan* v. *Gould*, 5 Denio, 200, 293; *People* v. *Snyder*, 41 N. Y. 397; *Livingston* v. *Arnoux*, 56 id. 507, 519; *Donnelly* v. *Deering*, 24 Week. Dig. 18; *Frankel* v. *Hays*, 20 id. 417.)

DANFORTH, J. The defendant is a life insurance company, organized under the laws of Wisconsin, but doing business in

the state of New York.  On the 31st of March, 1880, it
issued a policy of insurance upon the life of George P.
Phelan.   The premiums were payable on or before the thirty-
first day of March, June, September and December in each
year, and the policy contains a provision that if the premiums
are not paid at the times mentioned, the policy shall cease
and determine.   The premium that became due December
31, 1882, was not paid.   It was tendered to the company
about two o'clock on the 15th of January, 1883, but was
refused.   The insured died on the night of that day.   The
plaintiff is his administratrix, and sues upon the promise con-
tained in the policy, to pay the sum assured in sixty days
after notice and proof of death of the insured.

It is obvious upon the facts so far stated that no recovery
could be had, for the condition upon which the defendant
was to be liable had not been performed; but the plaintiff
relies upon the statute of this state regulating the forfeiture
of life insurance policies (Laws of 1877, chap. 321), and
claims to enforce the policy upon the ground that the defend-
ant failed to do that which the statute exacts as a condition
of forfeiture.   The statute (*supra*) declares that "no life
insurance company doing business in this state shall have
power to declare forfeited or lapsed any policy thereafter
issued by reason of non-payment of premium, unless, after it
becomes due, a notice stating the amount of such premium,
the place where it should be paid, and the person to whom
the same is payable, shall be duly addressed and mailed to
the person whose life is assured, at his last known post-office
address, postage paid by the company, and further stating
that unless the premium then due shall be paid to the com-
pany or its agent within thirty days after the mailing of such
notice, "the policy and all payments thereon will become
forfeited and void;" and the statute provides that in case such
payment is made within the thirty days limited therefor, it
shall be deemed a full compliance with the requirements of
the policy in respect to the payment of premium, and declares
that no such policy shall in any case be forfeited until the

expiration of thirty days after the mailing of such notice. There is no pretense that this notice was given, but, on the contrary, the argument of the defendant is to the effect that it did another thing which the statute makes equivalent thereto. As to that the provision is that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner " above stated," at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the notice before provided for. That such notice had been given was a fact to be established by the defendant before its defense could be maintained, and whether it was so established is the only question on this appeal.

The defendant relies upon a paper found, after the death of the insured, among his effects and reading as follows :

" OFFICE OF THE

Northwestern Mutual Life Insurance Company.

Milwaukee, Wis., *November* 1, 1882.

George F. Phelan, 37 *Barclay Street :*

The 4 qr. premium of $17.40 on your policy, No. 102320, falls due at the office of the agent of this company in New York city, N. Y., before noon on the 31st day of December, 1882.

The conditions of your policy are that payment must be made on or before the day the premium is due, and members neglecting so to pay are carrying their own risk. Agents have no right to waive forfeitures.

Please present this notice at time of payment.

Yours, respectfully,

J. W. SKINNER,

*Secretary.*

H. M. Munsell, *Gen'l Agent,*

*Northwestern Mutual Life Co.*, 160 *Fulton St. Office, Cor. Broadway, N. Y. City.*

Prompt payment is necessary to keep your policy in force."

No proof was given of compliance with the statutory provision in regard to the mailing of the notice, but the argument of the respondent is that the regularity of its proceedings in those respects is to be inferred from the fact that the notice was found among the papers of the deceased. The evidence is insufficient for that deduction. It appears that the residence of the deceased at the time the notice should have been given was 45 Warren street, New York; that the company had been apprised of that fact and had so entered it upon their books. Moreover, the agent of the defendant testified that "the post-office address of Phelan appeared upon the books to be as above stated." The notice produced was not so addressed. It was addressed to him at 37 Barclay street. It may be presumed that it reached that place in due course after it was mailed. But when was it mailed? There is no evidence as to that. The date is of no importance, and is evidence of no statutory fact. Within the cases cited by the respondent it might, in a proper case, be presumed that its date represented the day it was prepared or written, but nothing more. Certainly it cannot be considered as just ground for inferring the wholly distinct and vital fact that it was put in the mail on that day, nor that the envelope was properly addressed. In the absence of other evidence the presumption is the address on the envelope corresponded to the address in the letter. Nor does the fact that the notice was in the possession of the assured on the 17th of January, 1883, afford any ground for inference that he received it in due course of mail, nor that it was served upon him or received by him at any day earlier than January seventeenth.

We are also of opinion that the notice does not in its terms conform to the statute. Many ignorant and unlearned people seek to avail themselves of the advantages proposed by these companies. The statute is designed for the protection of all classes, and the language it prescribes for notice is intelligible to all. To say that in a declared event " a policy will become forfeited and void," conveys a meaning easily to be comprehended. To refer to the policy and conditions and say that

"members neglecting so to pay are carrying their own risk," is quite another thing; and while it may be comprehensible to those versed in the language of insurers and accustomed to their phraseology, it is not the language of the statute and does not embody the notice which the statute requires. The principle upon which our decision, in the recent case of *Carter* v. *Brooklyn Life Insurance Company* (110 N. Y. 15), rests, applies and requires that the appeal should succeed.

The judgment of the court below should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur, RUGER, Ch. J., in result, and PECKHAM and GRAY, JJ., on first ground stated in opinion.

Judgment reversed.