Jane A. McDougall et al., as Admrs., Respondents, *v.* The Provident Savings Life Assurance Society of New York, Appellant.

Under the provision of the act regulating the forfeiture of life insurance policies (Chap. 341, Laws of 1876, as amended by chap. 321, Laws of 1877), which requires notice to be given in the manner and as specified, before a policy may be declared forfeited, where a policy is out of the ordinary form, a notice which contains statements reminding the assured of the time and place when and where to make any payments required by the terms of the contract, the amount thereof and the effect of non-payment is sufficient, although it does not follow literally 'the words of the statute.

Defendant issued a policy insuring the life of McD. for one year from July 23, 1884. The policy contained an agreement on the part of defendant "to renew and extend this insurance during each successive year" upon condition that the assured pay, on or before July twenty-third in each year, a "mortuary premium" and a specified "expense charge." In an action upon the policy, it appeared that a notice was seasonably mailed by defendant to the assured prior to July 23, 1888; this stated the amount to be paid, the place where, and the person to whom the payments were to be made; that they would become due and payable on that date, and that "in order to continue and extend the insurance, it will be necessary that the payments required for that purpose shall be paid on or before the date above mentioned as stipulated in the policy contract." The payments were not made, and the assured died in November of that year. *Held,* that the notice was a sufficient compliance with the statute; and that plaintiffs were not entitled to recover.

*Phelan* v. *N. M. L. Ins. Co.* (113 N. Y. 147), distinguished.

*McDougal* v. *Pro. Sav. Soc.* (64 Hun, 551), reversed.

(Argued October 14, 1892; decided October 25, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1892, which denied defendants' motion for a new trial, overruled exceptions ordered to be heard in the first instance at General Term, and ordered judgment for plaintiff upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill* and *Edwin B. Smith* for appellants.     The policy upon which this suit is brought is a contract of a peculiar character, pertaining exclusively to the exceptional nature of the business done by the defendants.     If, according to its terms, there was no attempt to forfeit a right belonging to the deceased, and no obligation to send the notice prescribed by the act of May 23, 1877 (Chap. 321), or if the notice actually sent was a substantial compliance with the requirements of that statute — in either event, the plaintiffs cannot recover. (Bacon on Ins. § 18.)     The act of 1877 (Chap. 321) did not seek to enjoin or favor any one method of life insurance, nor to injure or prejudice any method; nor to dictate any form or terms of contract beyond this — that no company should assume, by stipulation or otherwise, to declare a forfeiture of any policy, by reason of nonpayment of a due premium, without first giving the prescribed notice.     If, by any method of insurance and under a particular form of policy, no premium ever became due, so as to be a debt to the company; and the assured had no vested interest in the policy (by reason of premiums paid) to be forfeited; the statute could not apply to such cases.     (*Lord* v. *Dall*, 12 Mass. 115; *Fowler* v. *Metrop.*, 116 N. Y. 396; *Dermott* v. *Jones*, 2 Wall. 8.)     The purpose of the statute was to regulate and to remedy a mischief in life insurance as generally known to be conducted in this country. (*N. Y.* v. *Statham*, 93 U. S. 24.)     The statute should be confined to that class of insurance which it fits, and not be distorted to cover the class which it does not fit.     (*U. S.* v. *S. Bank*, 6 Pet. 36; *Carr* v. *Thompson*, 67 Mo. 472; *Scudder* v. *Coryell*, 10 N. J. L. 410; *Allen* v. *Patterson*, 7 N. Y. 480; *Leggatt* v. *Bank*, 24 id. 286.)     The defendant gave a notice substantially complying with the statute.     (Laws of 1877, chap. 321.)

*J. H. Stevens* for respondents.     Both parties having requested a direction of the verdict, it should be sustained, if the evidence is such that the jury would have sufficient evidence to have supported a verdict for the same amount.

(*Howell* v. *Wright*, 122 N. Y. 667; *Bulger* v. *Rosa*, 29 N. Y. S. R. 678; Laws of 1877, chap. 321, § 1; Laws of 1876, chap. 341; *Baxter Case*, 119 N. Y. 450.)   The notice mailed was not a compliance with the statute, and was, therefore, mere nullity. (*Phelan* v. *N. W. M. L. Ins. Co.*, 113 N. Y. 147; *Carter* v. *B. L. Ins. Co.*, 110 id. 15.)   The acceptance of the proofs without objection entitles the plaintiff to claim that the defendant cannot now successfully claim that there was no contract of insurance. (*Armstrong Case*, 42 N. Y. S. R. 558; May on Ins. § 468.)   It was not necessary to tender the $206.80, claimed to be the premium unpaid on July 23, 1888, that amount being deducted from the recovery, there is no harm to the defendant. (*Baxter* v. *B. L. Ins. Co.*, 119 N. Y. 450, 457; *Dennings* v. *Knight*, 38 N. Y. S. R. 979.)

Gray, J. This action is to enforce the payment of the sum secured in a policy of insurance, issued by the defendant to the plaintiffs' intestate on July 23, 1884.   By its terms the defendant promised to pay to the assured, or to his legal representatives, the sum of $10,000, within ninety days after satisfactory proof of his death, "provided such death shall occur before 12 o'clock noon on the 23d day of July, 1885." Defendant further promised " to renew and extend this insurance during each successive year from the date thereof, upon condition that the assured shall pay, on or before the twenty-third day of July in each successive year during the continuance of the contract, the mortuary premium, ———, and also an expense charge of three dollars on each $1,000 insured therein; the payment of said annual mortuary premium and the annual expense charge being the consideration for the continuance of the insurance in each successive year," etc.

It is plain that this policy was a contract for an insurance for the term of one year only, providing, however, by its terms, for its renewal for successive years upon compliance by the assured with the conditions named.   Renewals were effected during the years 1885, 1886 and 1887, but the assured failed to make those payments on July 23, 1888, which were

required in order to extend his policy over another year, and he died in November following. His administrators have rested, and must rest, their right to a recovery upon the proposition that the defendant did not give to the assured the form of notice prescribed by a statute of this state as a prerequisite to the right to declare a policy of life insurance forfeited.

The defendant, in support of its appeal from the judgment which the plaintiffs have succeeded in recovering, presents two grounds. It denies that the statute in question applies to such a policy, and it insists that, if it does, the notice, which was in fact given to the assured, was sufficient. That statute (being chapter 321 of the Laws of 1877, amending chapter 341 of the Laws of 1876) provides that "No life insurance company doing business in this state shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of nonpayment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on said policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured." Omitting the description of the part of the notice for the payment of an unpaid premium, and declaring a forfeiture if the notice is not complied with, the final proviso reads : " Provided, however, that if a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least 30 and not more than 60 days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

Upon the construction of this statute the appellants' counsel has made an elaborate argument, to the effect that it cannot be applicable to this kind of a contract. With much ability he has analyzed its provisions and insists that they must refer, by force of the language used, to the ordinary policy of insurance,

which is to be kept in force, until the happening of the event assured against, by regular payments, annually, or at short stated periods. In the continuance of such a policy the assured has a vested interest; by reason of the fact that his annual payments are calculated and fixed at amounts to cover more than a risk from year to year and go to form a reserve, or accumulated fund, to be offset against insurance in after years and which will enable the insurer to make eventual payments. The learned counsel argues that the mischief to be remedied by this statute is the forfeiture of such a vested interest; whereas, in this policy, the insurance agreement is for a term of one year; the payment was for such a risk and it constituted no consideration for any insurance beyond the expiration of the term.

The question is an interesting one and its solution might not be free from difficulty; but, inasmuch as the appellant must succeed upon the second ground advanced, we do not think it necessary to pass upon the question. We should hesitate to call in question the applicability of the statute to any class of life insurance policies. It was intended to and, undoubtedly, does subserve a useful purpose, in throwing about the contract between the insurer and the assured reasonable safeguards against a forfeiture or the lapsing of the interest of the assured. But we fail to perceive that any substantial requisite was wanting in the notice which the company gave to the assured. The notice was seasonably mailed and stated that "the premium, as stated below, on your policy No. 13,302 in this society will become due and payable at this office on the 23d day of July, 1888. In order to continue and extend the insurance it will be necessary that the payments required for that purpose shall be paid on or before the date above mentioned as stipulated in the policy contract." Then follow statements of the place where, and the persons to whom payments may be made and of the amounts making up a net amount to be paid. This notice would seem to be very definite in its statements; but the respondents say, and the court below has thought, that it is not in conformity with the provisions of the

statute, for not literally following the statutory language. In support of this, they cite *Phelan* v. *Northwestern Mutual Life Insurance Co.* (113 N. Y. 147), where this court held a notice insufficient. The notice there was that " the conditions of your policy are that payment must be made on or before the day the premium is due and members neglecting so to pay are carrying their own risk ; " and what was condemned was the use of language not intelligible to all. To say that persons are " carrying their own risk " is not plainly embodying the notice which the statute requires and might be incomprehensible to those unlearned in insurance phraseology. But in this case, as the appellants' counsel has clearly shown, the notice to be given could not closely conform to the statute ; inasmuch as the yearly method of insurance was of a special character. The notice was to remind the assured of the privilege he possessed of electing to have the contract continued and extended over the ensuing year and of the conditions of its exercise. It could not state that if the " premium " was not paid, the policy and all payments thereon will become forfeited and void ; for that would not be accurate. Something more than a premium was to be paid to extend the contract of insurance and, therefore, the company notified him that certain " payments " were necessary for that purpose. The obligation of the statute must not be unreasonably insisted upon. It provides for the giving of a notice, which shall be unambiguous and intelligible to all. When applied to an insurance contract out of the ordinary form, it secures to the assured such a notice as will contain statements reminding him of when and where he is to make any payments pursuant to the terms of the contract, their amount and the effect of non-payment. The statute was not meant to operate harshly upon the insurer, but to afford a protection to the assured, by the reasonable requirement of a notice, couched in plain terms, from the insurer, before the interest of the assured could be forfeited. To hold that where every essential fact required to be known is intelligibly stated in the notice, it may be disregarded, if not literally following the words of the statutory

provision, would be a most harsh and unwarrantable construction. Its words are readily capable of being used in the ordinary cases of insurance contracts; but in cases not precisely had in view and where some regard must be had to the nature of the contract itself, it is sufficient if the essential information, intended to be afforded by the statute, is found in the notice actually given. If the provisions of the act are to be extended in their application to the case of a contract made for the insurance of a life for the term of twelve months, the flexibility of its language must certainly admit the sufficiency of a notice from the insurer in conformity with that contract.

For these reasons we conclude that it was error for the court below to order judgment for the plaintiffs on the verdict.

The order of the General Term and the judgment entered thereon should be reversed and a new trial ordered, with costs to abide the event.

All concur, except ANDREWS, J., not sitting.

Judgment accordingly.