KATHERINE SCHAD and HENRY J. SCHAD, as Administrators, etc., of
HENRY SCHAD, Deceased, Respondents, v. THE SECURITY MUTUAL
LIFE ASSOCIATION of Binghamton, New York, Appellant.

*Life insurance — forfeiture of a policy — the thirty days' notice to the policyholder
must follow the statute.*

The provisions of chapter 341 of the Laws of 1876, as amended by chapter 321
of the Laws of 1877, requiring a life insurance company, before it can forfeit
a policy or declare it lapsed, to send a thirty days' notice to the insured, stat-
ing, among other things, that unless the payment of premium required by the
notice is made at the time stated, "the said policy and all payments thereon
will become forfeited and void," are not satisfied by a notice which states, " if
your payment should not be made when due, your policy would cease to be
in force."

Unless good reasons for a departure therefrom appear, a strict compliance upon the
part of insurance corporations with the words of the statute is necessary to
legalize the forfeiture or lapse of a policy.

APPEAL by the defendant, The Security Mutual Life Association
of Binghamton, New York, from a judgment of the Supreme Court
in favor of the plaintiffs, entered in the office of the clerk of the
county of Broome on the 17th day of March, 1896, upon the verdict
of a jury rendered after a trial at the Broome Circuit on the 7th day
of May, 1895, and also from an order entered in said clerk's office
on the 17th day of March, 1896, denying the defendant's motion for
a new trial made upon a case containing exceptions.

*Carver, Deyo & Jenkins,* for the appellant.

*R. B. Richards,* for the respondents.

MERWIN, J. :

On the 28th of March, 1887, the defendant, in consideration of
the application of Henry Schad, plaintiffs' intestate, and of the pay-
ment of the admission fee, and of the further payment of the semi-
annual assessment of twenty dollars and forty-eight cents, to be made
at the home office of the defendant at Binghamton, on or before
the twenty-eighth days of March and September during the con-
tinuance of the contract, received the said Schad as a member of
the association, and issued its policy of insurance on his life in the

sum of $2,000, payable at his death to his heirs or representatives from the mortuary fund of the association. Henry Schad died October 9, 1892.

No question is made about the right of plaintiffs to bring the action or as to the adequacy of the mortuary fund. The semi-annual assessments, as required by the policy, were paid up to and including the payment of the 28th of March, 1892. The payment of twenty dollars and forty-eight cents, which by the terms of the policy became due on the 28th of September, 1892, was not paid. The defense is that by reason of this non-payment the policy was void prior to the death of the insured, and the plaintiffs cannot, therefore, recover.

The plaintiffs, however, say that the defendant, under the provisions of chapter 341 of the Laws of 1876, as amended by chapter 321 of the Laws of 1877, had no power to treat the policy as forfeited or lapsed, until giving the notice provided for in that act; that the notice which the defendant did give was not sufficient under the act, or, if it was, that the provisions were waived or were not effective by reason of the prior course of dealing between the parties. The sufficiency of the notice is the main question here.

By the act referred to it was provided that no life insurance company doing business in this State should have power to declare forfeited or lapsed any policy thereafter issued except upon mailing to the assured a thirty days' written or printed notice, stating the amount of the premium and the place where and the person to whom the same is payable. It was also further provided as follows: " Such notice shall further state that unless the said premium or interest then due shall be paid to the company, or to a duly appointed agent or other person authorized to collect such premium, within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited, or declared forfeited or lapsed, until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice

stating when the premium will fall due, and that if not paid, the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty, and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

The notice in the present case was mailed on the 27th of August, 1892. It stated that "the next regular advance payment on your policy, No. 147, will, by its terms, become due and payable at the home office, in Binghamton, N. Y., on the 28th day of Sept., 1892. Amount, $20.48.   *   *   *

" If your payment should not be made when due, your policy would cease to be in force.

" Delayed payments are accepted only upon satisfactory evidence of continued good health.

" No agent or collector has authority to extend the time for the payment of a premium."

The question to be determined is whether a notice, which states that " if your payment should not be made when due, your policy would cease to be in force," complies with a statute which requires that the notice shall state that if the premium is not paid when due, " the said policy and all payments thereon will become forfeited and void."

This provision of the statute was considered in *Phelan* v. *Northwestern Mutual L. Ins. Co.* (113 N. Y. 147). The notice in that case, after stating the amount of the premium and where and when it fell due, proceeded : " The conditions of your policy are that payment must be made on or before the day the premium is due, and members neglecting so to pay are carrying their own risk. Agents have no right to waive forfeitures." In a postcript there was added the expression : " Prompt payment is necessary to keep your policy in force." This notice was held to be insufficient, it being said : " We are also of opinion that the notice does not, in its terms, conform to the statute. Many ignorant and unlearned people seek to avail themselves of the advantages proposed by these companies. The statute is designed for the protection of all classes, and the language it prescribes for notice is intelligible to all. To say that in a

declared event 'a policy will become forfeited and void,' conveys a meaning easily to be comprehended. To refer to the policy and conditions and say that ' members neglecting so to pay are carrying their own risk ' is quite another thing; and while it may be comprehensible to those· versed in the language of insurers and accustomed to their phraseology. it is not the ·language of the statute, and does not embody the notice which the statute requires."

In *McDougall* v. *P. S. L. A. Society* (135 N. Y. 551) the form of the notice in the respect here complained of was as follows : " In order to continue and extend the insurance it will be necessary that the payments required for that purpose shall be paid on or before the date above mentioned, as stipulated in the policy contract." The policy was for one year only, and it contained an agreement on the part of the society to renew and extend the insurance for successive years upon condition that the assured pay, on or before a certain date in each year, a mortuary premium and a specified expense charge. Renewals in that way had been effected for several years. The notice was held to be sufficient, and the court, after referring to the *Phelan* case, said : " But in this case, as the appellants' counsel has clearly shown, the notice to be given could not closely conform to the statute, inasmuch as the yearly method of insurance was of a special character. The notice was to remind the assured of the privilege he possessed of electing to have the contract continued and extended over the ensuing year, and of the conditions of its exercise. It could not state that if the ' premium ' was not paid the policy and all payments thereon will become forfeited and void, for that would not be accurate. Something more than a premium was to be paid to extend the contract of insurance, and, therefore, the company notified him that certain ' payments ' were necessary for that purpose. The obligation of the statute must not be unreasonably insisted upon. It provides for the giving of a notice, which shall be unambiguous and intelligible to all. When applied to an insurance contract out of the ordinary form, it secures to the assured such a notice as will contain statements reminding him of when and where he is to make any payments pursuant to the terms of the contract, their amount and the effect of non-payment. The statute was not meant to operate harshly upon the insurer, but to afford a protection to the assured, by the reasonable requirement

of a notice, couched in plain terms, from the insurer, before the interest of the assured could be forfeited. To hold that where every essential.fact required to be known is intelligibly stated in the notice, it may be disregarded, if not literally following the words of the statutory provision, would be a most harsh and unwarrantable construction. Its words are readily capable of being used in the ordinary cases of insurance contracts; but in cases not precisely had in view and where some regard must be had to the nature of the contract itself, it is sufficient if the essential information, intended to be afforded by the statute, is found in the notice actually given. If the provisions of the act are to be extended in their application to the case of a contract made for the insurance of a life for the term of twelve months, the flexibility of its language must certainly admit the sufficiency of a notice from the insurer in conformity with the contract."

In *Merriman* v. *Keystone Mut. Ben. Assn.* (18 N. Y. Supp. 305) the notice was to pay "within thirty days from the date of notice, otherwise your policy will be forfeited." This was held not to comply with the statute, it being said that it failed to notify the assured that all payments which had been made thereon would become forfeited, and that the policy would be void.

The defendant relies on the *McDougall* case. There the notice was held to be good because the contract of insurance was out of the ordinary form, and the obligation of the statute was construed in that view. It was said that in the ordinary cases of insurance contracts the words of the statute are readily capable of being used. Inferentially it may be said that the view of the court was that they should be used in ordinary cases. In the present case there was nothing in the way of using the language of the statute and the *McDougall* case is not, I think, authority to support the notice.

It was one of the essential purposes of the statute that the insurer should in its notice declare distinctly its design to forfeit the policy as well as the payments previously made thereon, in case the payment was not made. The contract by its terms would become void on such non-payment, but that was not enough. Not only must the right exist by the terms of the contract, but it must be asserted in a particular way. The notice was in the nature of a warning to the policyholder. Significant and unequivocal language was specified

in the statute, and no good reason is apparent in this case why it was not used in the notice given. The logic of the *Phelan* case is, I think, applicable, and the notice should be held to be insufficient.

In this view of the case, it is not necessary to consider the other questions raised. If the proper notice was not given, the assured at his death was not in default, and the defendant has no defense to the action.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.