# NEDERLAND LIFE INSURANCE COMPANY, LIMITED, *v.* MEINERT.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 11. Argued October 18, 1905.—Decided November 6, 1905.

Promptness of payment of life insurance premiums is essential and although forfeitures are not generally regarded with favor they are necessary and should be fairly enforced in regard to such payments. A statute requiring notice of time of payment of premium and effect of non-payment thereof should not be construed so as to make it a trap for either the company or the assured.

Where the assured has received the statutory notice, containing in the words of the statute a statement as to the effect of non-payment of the premium, the fact that a mistaken additional statement as to the forfeiture of the policy by reason of such non-payment, was contained in the notice is not such a failure to comply with the terms of the statute as will prevent a forfeiture of the policy where it appears that after default the assured received another notice in regard thereto, had an opportunity to reinstate the policy by payment of the premium, within a specified time according to the policy, but made no payment for over three years, and did not ask for any extension of time, and the company had noted the forfeiture on its books.

MRS. MEINERT, the plaintiff below, filed in the Circuit Court of the United States for the District of Indiana her amended complaint, by leave of court, against the petitioner, the insurance company, to recover $5,000 on a certain policy of insurance for that sum on the life of her deceased husband, William Meinert. She obtained judgment on the trial before a judge without a jury, which was affirmed in the Circuit Court of Appeals. 127 Fed. Rep. 651. This court allowed a writ of certiorari to review that judgment and the case is now here upon the return to that writ.

The material facts are the following: The company, on the fifth day of March, 1896, issued the policy in suit in consideration of the payment of quarterly premiums of $25.25, each on or before the fifth days of March, June, September and December in each year for five years; after that the payments were to be $64.25 for the following fourteen years or until the previous death of the insured, should his death occur before the expiration of the specified period. Four quarterly payments of $25.25 each were made, the last one having been made on or before December 5, 1896. No other instalment of premium was ever paid. The assured died on the twenty-fourth day of March, 1900. Over three years and three months had passed, therefore, since the last payment of any premium. Meinert, up to the time of his death, lived at Evansville, Ind.

On the fifteenth day of February, 1897, the company sent him by mail a written notice as follows:

"Nederland Life Insurance Co. (Ld.).

"Established in Amsterdam, (Holland), 1858.

"United States Branch, 874 Broadway, New York City.

"Pursuant to Chapter 690 of the Insurance Law of 1892 of the State of New York, you are hereby notified that the quarterly premium of $25.25 on policy No. 58,021 will fall due on the 5th day of March, 1897, if the policy be then in force. The conditions of your policy provide that unless such premium shall be paid at the United States Branch Office of the company, or to a person authorized to collect such premium holding the company's receipt therefor, by or before that date, the policy and all payments thereon will be forfeited and void, except as to the right to a cash surrender value or paid-up policy.

"L. I. DuBourcq,

"*President of the U. S. Branch.*

"If payment is made to the company directly it can be done by valid draft, check, postal or express money order made out to the order of the United States Branch of the Nederland Life Insurance Co. (Ld.)."

This notice was duly received by the assured February 16, 1897.

On Saturday, April 3, 1897, the company sent him by mail another notice, as follows:

"Nederland Life Insurance Co., Limited.

"Established 1858, Amsterdam, Holland,

"United States Branch, 874 Broadway, New York.

"New York, April 3, 1897.

"William Meinert,

"217 Law Ave., Evansville, Ind.

"Dear Sir: The premium on your policy which fell due on the 5th March has not been paid and the policy is therefore

null and void.  I beg to inform you, however, that if the same
is paid within ten days your policy will be reinstated.

"L. I. DuBourcq, *President.*

"Policy No. 58,021."

This notice was received by him in due course of mail on
Monday, April 5, 1897, but he never acknowledged its receipt
and never took any steps to have the policy reinstated.  On
April 22, 1897, the company entered on the appropriate records
of its office the declaration that the policy was forfeited and
lapsed for failure to pay instalment of premium.

It was agreed between the company and the assured that
the provisions printed or written upon the back of the policy
were to be taken as part of it, as fully as if they were set forth
at length on its face, and signed by the parties.  One of them
was article 2, which reads as follows:

"In case of non-payment of any annual premium or instal-
ment thereof within thirty days after the same shall fall due,
this policy shall be null and void, subject, however, to provisions ·
as to cash surrender and paid-up policy values.  The company
will, however, as a matter of favor and not of right, mail notice
to the insured or the assignee at the last address furnished by
him or them to the company, to the effect that the policy may
be reëstablished by the payment of the annual premium or
instalment thereof still due, within ten days after mailing
notice."

The application for the insurance, which by agreement was
also made part of the contract, provided that "this application
shall be governed by the laws of the State of New York, the
place of said contract to be the principal office in the United
States of said company in the city of New York."

*Mr. John L. Cadwalader,* with whom *Mr. George Coggill* and
*Mr. George W. Wickersham* were on the brief, for petitioner:

The premium notice sent to Meinert by the petitioner was
in conformity to the New York statute, and the cases relied

on by the Circuit Court of Appeals do not sustain the judgment. See *Mutual Life* v. *Phinney*, 178 U. S. 327.

Section 92 of the insurance laws of New York is not applicable to this case but the place of the contract was the State of Indiana. See *Mutual Life Ins. Co.* v. *Hill*, 193 U. S. 551; *Equitable Life Assurance Soc.* v. *Clements*, 140 U. S. 226; *Mutual Life Ins. Co.* v. *Cohen*, 179 U. S. 262; *Mutual Life Ins. Co.* v. *Hathaway*, 106 Fed. Rep. 815, to the effect that the statutory provision of New York in reference to forfeitures has no extra-territorial effect, and does not of itself apply to the contracts made by a New York company outside of that State. *Phelan* v. *N. W. Mutual*, 113 N. Y. 147; *Schad* v. *Security Mutual*, 155 N. Y. 640; *Hicks* v. *Nat. Life Ins. Co.*, 60 Fed. Rep. 690; *Prov. Svgs. Life* v. *Nixon*, 73 Fed. Rep. 144; *Equitable Life* v. *Nixon*, 81 Fed. Rep. 796; *Born* v. *Home Ins. Co.*, 81 N. W. Rep. 676; *Smith* v. *Continental Ins. Co.*, 79 N. W. Rep. 126, relied on by respondent as to the notice and its effect, all are distinguished, and the decision in *N. Y. Life Ins. Co.* v. *Dingley*, 93 Fed. Rep. 153, is clearly wrong.

The insured's acts in connection with the policy show that he abandoned it. *Lone* v. *Mutual Life Ins. Co.*, 33 Washington, 577; Cooley's Const. Lim., 6th ed., 214; *Mutual Life Ins. Co.* v. *Hill*, 193 U. S. 551, 560; *Mutual Life Ins. Co.* v. *Phinney*, 178 U. S. 327, 344. *De Frece* v. *National Life Ins. Co.*, 136 N. Y. 144; *Baxter* v. *Brooklyn Life Ins. Co.*, 119 N. Y. 450; *Carter* v. *Brooklyn Life Ins. Co.*, 110 N. Y. 15, do not apply to this case.

*Mr. G. K. Denton,* with whom *Mr. Albert J. Beveridge* and *Mr. Larz A. Whitcomb* were on the brief, for respondent:

The repudiation of the contract by the company before the expiration of the time for the payment of the premium, excused the insured from thereafter making a tender of the same. See authorities collected 4 Ency. Pl. & Pr. 630, note 1. See also *Hanna* v. *Phelps*, 7 Indiana, 21; *House* v. *Alexander*, 105 Indiana, 112; *Tobin* v. *Young*, 124 Indiana, 512; *Turner* v.

*Perry,* 27 Indiana, 163; *Blair* v. *Hamilton,* 48 Indiana, 32; *Willcuts* v. *Northwestern Mutual &c. Co.,* 81 Indiana, 312; *Phœnix Ins. Co.* v. *Hinesley,* 75 Indiana, 1.

This principle has been applied to the payment of premiums in the following cases: *Manhattan Life* v. *Smith,* 44 Ohio St. 156; *Sourwine* v. *Supreme Lodge K. of P.,* 12 Ind. App. 447; *Heinlein* v. *Ins. Co.,* 101 Michigan, 250; *Union Central Life Ins. Co.* v. *Caldwell* (Ark.), 58 S. W. Rep. 355; *National Mutual* v. *Home Benefit* (Pa.), 37 Atl. Rep. 519; *Guetspow* v. *Mich. Mut.* (Wis.), 81 N. W. Rep. 652; *Supreme Lodge* v. *Davis* (Col.), 58 Pac. Rep. 595; *Supreme Council* v. *Bailey* (Ky.), 55 S. W. Rep. 888; *Dennison* v. *Masonic Society,* 69 N. Y. Supp. 291; *TeBow* v. *Wash. Life,* 69 N. Y. Supp. 289, and authorities cited; *Sullivan* v. *Industrial Ben. Assn.,* 26 N. Y. Supp. 186.

Payment or tender of payment of premiums is not necessary where the insurers have already declared the policy forfeited or done any other act which is tantamount to a declaration on their part that they will not receive it if tendered. May on Insurance, § 358; 19 Am. & Eng. Enc. of Law, 2d ed., 57.

The notice was not in compliance with the New York statute. *Phelan* v. *N. W. Ins. Co.,* 113 N. Y. 147; *McDougall* v. *Prov. Savings Society,* 135 N. Y. 551; *N. Y. Life* v. *Dingley,* 93 Fed. Rep. 153. There was no abandonment of the contract. *Strauss* v. *Mut. Reserve,* 36 S. E. Rep. 352; *S. C.,* 39 S. E. Rep. 55; *A. L. of H.* v. *Black,* 123 Fed. Rep. 650; *Ebert* v. *Mutual Reserve,* 83 N. W. Rep. 506; *Met. Life Ins. Co.* v. *Bowser,* 20 Ind. App. 557; *Taylor* v. *Mutual Reserve,* 97 Virginia, 60; *Phœnix Ins. Co.* v. *Hinesley,* 75 Indiana, 1.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The judgment in favor of the plaintiff below for the recovery of the amount found due upon the policy in question is based on the above-mentioned facts, the courts holding that the policy was not forfeited but was in full force because of the

alleged failure of the company to comply with the law of New York in relation to giving the notice provided for therein. The provision in question is found in section 92, chapter 690, of the Laws of New York for 1892. The section is set forth in the margin.[1]

The alleged failure to comply with the terms of the section consists in prefixing the words, "*the conditions of your policy provide,*" to the notice required by the statute, which provides that the notice shall state that "unless such premium . . . then due shall be paid . . . by or before the day it falls

---

[1] Laws of New York, chap. 690, sec. 92.

"92. No forfeiture of policy without notice.—No life insurance corporation doing business in this State shall declare forfeited, or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or instalment or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, instalment, or portion thereof, due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post office address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premiums, at least fifteen and not more than forty-five days prior to the day when the same is payable.

"The notice shall also state that unless such premium, interest, instalment, or portion thereof, then due, shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided.

"If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice.

"The affidavit of any officer, clerk or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy, shall be presumptive evidence that such notice has been duly given."

due." (March 5, 1897) " the policy and all payments thereon will become forfeited and void,'" etc., whereas, by reference to the policy, article 2, indorsed on the back thereof, it will be seen that if the premium is not paid *within thirty days* after the same shall fall due, the policy shall be null and void. The notice thus mistakenly states that the policy "by its conditions" will become void, etc., while in truth it is the language of the statute which the notice uses.

The company contends that the law of New York does not, for the reasons stated in the brief of counsel, apply to the particular facts set forth herein, and it also contends that the notice which was in fact given fully complied with the terms of the law. We pass over the first contention without discussion, because we are of opinion that, assuming the New York statute to apply, the notice given by the company was sufficient, and the policy was forfeited long before the death of the plaintiff's husband.

Referring to the statute, it is seen that by omitting the above-mentioned words, " the conditions of your policy provide," the rest of the notice actually given does comply with the terms of the statute. The notice informed the assured that unless the premium which would fall due on the fifth of March, 1897, if the policy was then in force, should be paid by or before that date, the policy and all payments thereon would become forfeited and void, except as to the right to a cash surrender value or paid-up policy. This is exactly what the statute required the notice to state. The statute does not require the notice to state that the policy would become forfeited only after the expiration of thirty days after the payment became due, or notice was mailed, in case such payment were not made, but it says distinctly that the notice shall state that failure to pay the premium by or before the date it falls due will forfeit the policy and all payments thereon.

Why should the mistaken statement as to the conditions of the policy prove fatal, when the exact language of the statute as to the contents of the notice is used? The error of fact as

to the consequence of a failure to pay, as contained in the notice, would be exactly the same, if the words above referred to had been omitted, because the statute provides that the assured shall, nevertheless, have thirty days after mailing the notice before a forfeiture can be asserted. There can be no doubt that the premium did become due on the fifth of March, and the thirty days' extension simply permitted a payment within that time to save a forfeiture.

Now whether the statement in the notice were incorrect because of a failure to state accurately the conditions of the policy, or because of a failure to tell the assured the subsequent provisions in the statute as to forfeiture, is not in either case material, so long as the notice follows the statute, and if it do that it is good, even though it contains such a mistake as is set forth herein. The purpose of the statute was to prevent a forfeiture by the non-payment of the premium when due, because of inadvertence or forgetfulness, and when the assured receives the very notice required by the statute its purpose is fulfilled, although the notice contains in another respect such a mistake as does this notice. It is most unreasonable to hold that a statement of the consequence of the failure to pay the premium when due, mistakenly attributed in the notice to a provision in the policy, should be held fatal, when the same statement, without attributing it to a provision in the policy, would be a fulfillment of the requirements of the statute. In either case there would be an error as to the time of forfeiture, but there would also be a correct statement, in the very words of the statute, of the time the premium was payable, its amount and where it could be paid. In such case to assume that an injury might follow is, as we think, to assume an ignorance or carelessness on the part of the assured, which is unreasonable as well as improbable. A spark of intelligence on the part of the assured would prompt him to refer to his policy and he would then see the mistake of fact made in the notice as to the length of the time he had in which to pay in order to prevent a forfeiture. If he thought the notice rightly stated the fact as

to forfeiture, the natural result would be greater care to pay or some application to extend the time of payment on or before the day when the payment became due. Of that day he had the ample notice provided in the statute. It is scarcely possible to imagine any injury resulting from this error, although extraordinary and wonderful things do sometimes occur. Courts, however, cannot proceed upon the theory that policyholders are *non compotes mentis*, and that the natural result of such a mistake of fact upon a person of ordinary intelligence cannot be assumed in the case of a holder of a policy of insurance. It cannot reasonably be assumed that the assured might be betrayed into not doing at all what the notice tells him must be done on or before a certain day in order to save a forfeiture, because the notice omits to tell him of the extended time before the forfeiture can really be enforced, nor can such failure be anticipated as the result of the mistake. So long as the assured has in fact the notice required by law we are of opinion that such a mistake, as was made in this case, is immaterial.

The cases from the New York courts do not decide contrary to our decision herein. In *Phelan* v. *The Northwestern Mutual Life Insurance Company*, 113 N. Y. 147, the notice was not like the one in this case. The notice spoken of there, it was held, did not comply with the statute, because it was not given in its words, and the language actually used was held by the majority of the court to be so far from complying with the statute in a material manner as to render it of no use. The court said that the notice, instead of saying that the policy would become forfeited and void, said that "members neglecting so to pay are carrying their own risks," and that the latter words, while they might be comprehensive to those versed in the language of insurers and accustomed to their phraseology, were not the language of the statute and did not embody the notice which the statute required.

The other case, *Schad* v. *Security Mutual Life Association*, 155 N. Y. 640, affirmed without any opinion the decision of the

Appellate Division of the Supreme Court reported in 11 App. Div. 487, where it was held that a statement that in case of the non-payment of the premium when it became due the policy would cease to be in force, did not comply with the notice required by the statute, that if the premium was not paid when due the policy and all payments thereon would become forfeited and void.

In *McDougall* v. *Provident Savings Life Assurance Society*, 135 N. Y. 551, it was held that where the policy was out of the ordinary form a notice, which did not follow literally the words of the statute, but contained a statement reminding the assured of the time and place when and where to make any payments required by the terms of the contract, the amount thereof, and the effect of non-payment was sufficient.

A statute of this kind should not be construed so as to make it a trap for either side. Forfeitures, though generally not regarded with favor by courts of equity, yet are necessary, and should be fairly enforced, in cases of life insurance. Promptness of payment is essential in such business. *New York Life Ins. Co.* v. *Statham*, 93 U. S. 24, 30.

Where, therefore, the assured has in truth received notice (as provided by statute) of the time of payment of the premium, its amount and where it can be paid, and a statement is made in the words of the statute itself as to the effect of non-payment, a mistaken additional statement like the one made here ought not to be held a failure to comply with the terms of the statute and thus prevent a forfeiture which the assured evidently contemplated.

We are aware of the case of *New York Life Insurance Co.* v. *Dingley*, 93 Fed. Rep. 153, but we cannot agree with the views therein expressed.

The case before us shows no evidence of any injury to the assured on account of the notice. He received, as the record shows, another notice on the fifth of April, informing him that his policy was forfeited, but that it could be reinstated by the simple payment of the premium within ten days there-

after. He made no acknowledgment of the receipt of the notice, failed to pay the premium and asked no extension of time. Finally, on the twenty-second day of April, the forfeiture was noted on the books of the company. We think that the statute was complied with and that the forfeiture was legal.

The judgments of the Circuit Court of Appeals and the Circuit Court for the District of Indiana must be reversed and the cause remanded to the latter court with instructions to enter judgment for the defendant.

*Reversed.*