(78 Misc. Rep. 673.)

FLINT v. PROVIDENT LIFE & TRUST CO.

(Supreme Court, Special Term, Albany County. December, 1912.)

1. INSURANCE (§ 310*)—FORFEITURE OF POLICY—NOTICE BY INSURER.

For a life insurance company to avail itself of Insurance Law (Consol. Laws 1909, c. 28) § 92, permitting the forfeiture of a policy for nonpayment of a premium when it has given a written or printed notice required by such section, the company must substantially comply with all the terms of the statute; but the notice need not follow the statute literally.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 703, 761, 780, 826, 840, 904; Dec. Dig. § 310.*]

2. INSURANCE (§ 310*)—FORFEITURE OF POLICY—NOTICE BY INSURER.

In determining the sufficiency of a notice by an insurer of the time for payment of a premium as a basis for forfeiture of the policy for nonpayment, the whole paper is to be considered, including printed matter above the date line and address of the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 703, 761, 780, 826, 840, 904; Dec. Dig. § 310.*]

3. INSURANCE (§ 310*)—FORFEITURE OF POLICY—NOTICE BY INSURER.

Insurance Law (Consol. Laws, c. 28) § 92, requiring an insurance company, as a condition precedent to the forfeiture of a life policy for nonpayment of a premium, to mail to the insured a written or printed notice of the amount of the premium, the place where it shall be paid, the person to whom it is payable, and that unless the premium shall be paid to the insurer or to the duly appointed agent authorized to collect it by or before the day it falls due the policy and all payments thereon will become forfeited except as to the right of a surrender value or paid-up policy, is not substantially complied with by a notice which fails to state that the person named therein as the insurer's general agent to whom payment is to be made is the duly appointed agent or person authorized to collect the premium, and that it should be paid by or before the day it falls due; and, after the accidental death of insured, the beneficiary is entitled to recover the face of the policy with interest, less the unpaid premium.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 703, 761, 780, 826, 840, 904; Dec. Dig. § 310.*]

Action by Carrie M. Flint against the Provident Life & Trust Company on two policies of life insurance. Judgment for plaintiff.

Swift & Clement, of Albany, for plaintiff.

Curtis, Mallett-Prevost & Colt, of New York City (Henry A. Stickney, of New York City, of counsel), for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ᴵ · CHESTER, J. The plaintiff is the beneficiary under two policies of life insurance for $10,000 each, issued by the defendant bearing date the 30th of March, 1903, on the life of her husband, Arden A. Flint, who was accidentally killed on the 7th day of March, 1912. Proof of his death was duly given to the defendant as required by the terms of the policies on the 29th day of March, 1912. The policy was never assigned. The premiums upon the policies were paid quarterly; the last premium paid having become due September 30, 1911, and having been paid and accepted by the defendant on or about November 4, 1911. The quarterly premium, $38.60, due on each policy December 30, 1911, had not been paid at the time of the death of the insured. The defendant declined to pay either of the policies upon the ground that they had each been forfeited for nonpayment of such premium due December 30, 1911. The defendant insists that it has complied with the provisions of section 92 of the Insurance Law (Laws of 1909, c. 33; Consol. Laws, c. 28), and given the notice therein required, and the only question presented for determination is as to the sufficiency of such notice. It is conceded that the notices under each policy were mailed to the insured within the time required by the statute and that the same were found among his papers after his death. The notices given were in the following form:

"Please advise any change of address

"The Provident Life and Trust Company of Philadelphia (Pa.)

"Please return this notice with remittance to
"William T. Ferris, General Agent,

"Rooms 414–417 Singer Building, 149 Broadway, corner Liberty Street.
"New York City, December 14, 1911.

"A. A. Flint, 371 Hamilton St., Albany, N. Y.:

·"Take notice that the premium noted below will be due on policy No. ——— on 12 Mo. 30, 1911, if said policy be then in force, and that, if not paid, the policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up policy which may be provided in said policy, or by statute.

"Premium ............ $38.60
"Less reduction ....... $———      Addition ............ $———
"Amount due ...... $———

"William T. Ferris, General Agent.

"If the distribution of surplus is used as cash or to reduce premium, sign and return the inclosed receipt."

In one notice the blank was filled by stating the number of the policy to be 103544, and in the other 103545, which were the numbers of the two policies in question, respectively.

Section 92 above referred to provides that:

·"No life insurance corporation doing business in this state shall within one year after the default in payment of any premium, installment or interest, declare forfeited, or lapsed, any policy hereafter issued or renewed. * * * nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and

mailed to the person whose life is insured, * * * at his last known post office address in this state, postage paid by the corporation, or by any officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within the time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice."

[1] In order for the defendant to avail itself of the terms of the statute permitting the forfeiture of a policy issued by it, it must substantially comply with all the terms of the statute (Phelan v. Northwestern Mut. Life Ins. Co., 113 N. Y. 147, 20 N. E. 827, 10 Am. St. Rep. 441; Greenwald v. United Life Ins. Ass'n, 18 Misc. Rep. 91, 42 N. Y. Supp. 973; Schad v. Security Mut. Life Ins. Ass'n, 11 App. Div. 487, 42 N. Y. Supp. 314, affirmed 155 N. Y. 640, 49 N. Y. Supp. 1104), but the notice required by the statute need not follow literally the words thereof (McDougall v. Provident S. L. A. Society, 135 N. Y. 551, 32 N. E. 251).

[2] The plaintiff insists that nothing can be construed as a part of the notice in question here except what follows the address to the insured and the words "take notice." If that is the correct rule, it eliminates from this notice any direction as to where or to whom to make the remittance. The plaintiff cites no authorities to support that position. I think the entire paper must be taken for what it is worth and considered in its entirety upon the question as to whether the statute has been complied with. It is stated in each notice that the premium will be due on "12 Mo. 30, 1911," and no question has been made on the trial but what this means December 30, 1911.

[3] Notwithstanding this, it seems to me that this notice fails to comply with the statute in two particulars which seem to me to be of substantial importance. In the first place, the statute requires that the notice shall state that, unless the premium or portion thereof then due shall be paid to the corporation or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void. There is no statement in the notice that William T. Ferris, who is stated therein to be "general agent," was the duly appointed agent or person authorized to collect the premiums. That fact has been proven before me on the trial, but it was not stated in the notice. The insured might possibly have inferred, from the fact that Ferris was stated to be the general agent, that he was the duly appointed agent or person authorized to collect the premium; but such a matter should not be left to inference when the statute requires it to be stated in the notice. The knowledge, if any, which the insured had on this subject, should not be held to avoid the necessity of stating the fact

in the notice as the law requires. There is a failure in the second place to state in the notice that the premium or installment should be paid *by or before the day it falls due*. The only statement in the notice is that *if not paid* the policy and payments will become forfeited, and no time is stated when the payment must be made or within what time it must be made in order to prevent the forfeiture. The notice should have stated just as the statute required it to state, that if the premium or installment was not paid *by or before the day* stated the forfeiture would be complete. It seems to me not too much to require of an insurance company, if a forfeiture is to be insisted upon, that the terms of the statute should be substantially complied with in this respect so that the insured may know just how much leeway he has in which to make his payments. The insurer should not be permitted, in its desire for business and to procure payments of premiums to it, to lead the insured along in the belief that he could pay the premium due to it at some indefinite time in the future and at the same time, if the insured should happen to die in the meantime, insist that a forfeiture had taken place by reason of his failure to pay the premium exactly at the due date. In order to fulfill the statutory obligation it should have been made entirely plain in the notice itself that the premiums must be paid by or before the date when they became due.

That the general agent at least two months after the premium was due and after the policies had become forfeited, according to the present theory of the defendant, believed that he could induce the insured to continue to pay the premiums thereon, is evidenced by the letter written by such general agent to the insured bearing date February 20, 1912, stating in substance that he had been obliged to return to the company the receipts for the premiums on the policies due December 30th, but if he would call and pay the amount within a short time he thought he could get the company to accept the amount without requiring a medical examination by his signing the declaration of good health, but stating, however, that it would not do to let the matter go much longer, and that in the meantime the policies were not in force.

In McDougall v. Provident Savings L. Assur. Soc., 135 N. Y. 551, 32 N. E. 251, Nederland Life Insurance Co. v. Meinert, 199 U. S. 171, 26 Sup. Ct. 15, 50 L. Ed. 139, 4 Ann. Cas. 480, and Schuell v. Mutual Life Insurance Co., 53 App. Div. 172, 65 N. Y. Supp. 889, cited by the defendant, where the notice was held sufficient, there was a statement in the notice in each case that, unless the premium was paid "by or before the day" named therein, the forfeiture would take place.

I think the plaintiff is entitled to judgment for the amount claimed in the policies, with interest, less the unpaid premiums due December 30, 1911, besides costs.

Judgment for plaintiff, with costs.