# Watrous Varnish Co. *v.* Nemirovsky, Appellant.

*Sales—Guaranty—Mailing notice of modification—Affidavit of defense.*

In an action on a guaranty for the payment of a running account, an affidavit of defense is insufficient, which, alleging a modification of the guaranty, in the form of a letter prescribing new conditions, fails to set forth specifically the place of mailing of the letter and the time required for its transmission to the addressee. Where the time of receipt is so important, it should be set forth in the affidavit of defense.

Argued Oct. 18, 1918. Appeal, No. 38, Oct. T., 1918, by defendant, from order of C. P. No. 1, Philadelphia Co., Sept. T., 1917, No. 4600, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Watrous Varnish Co. v. Samuel Nemirovsky. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ. Affirmed.

Assumpsit on contract of guaranty.

Rule for judgment for want of a sufficient affidavit of defense.

SHOEMAKER, J., in making the rule absolute filed the following opinion:

"The defendant in this case relies upon the letter alleged to have been posted May 1, 1917, in which he modified his suretyship for the payment of the account of Sklar, and required plaintiff to furnish to defendant copies of orders by said Sklar, before delivery thereof. Defendant states that he duly mailed and addressed it to plaintiff in an envelope bearing defendant's return address, if undelivered by the postal officials, and which letter was not returned to the defendant. That the receipt of said letter was not acknowledged by plaintiff, nor did it in any wise comply with the terms of said modification. The defendant cancelled said suretyship on June 12, 1917. The merchandise for which the price is sued for under the undertaking of defendant was sold to M. Sklar between May 1, and June 12, 1917.

The time, place and circumstances under which defendant mailed the letter are not set forth, and the nonaction of the defendant is advising plaintiff personally, when no acknowledgment of the letter was received, is significant in view of the fact that under the writing of April 30, 1917, the plaintiff had the defendant's contract of suretyship to protect it.

We think, therefore, that the allegation of the mailing of the alleged letter, with the address of defendant on the envelope, and its nonreturn is insufficient to prevent judgment. The other allegations in the affidavit of defense and supplemental affidavit of defense are too indefinite to constitute a legal defense to the claim.

The rule is made absolute.

*Error assigned* was order of the court making absolute the rule for judgment for want of a sufficient affidavit of defense.

J. Joseph Stratton, for appellant.

Charles S. Wesley, for appellee.

OPINION BY TREXLER, J., March 3, 1919:

There is no doubt that when a letter is properly addressed and mailed with postage prepaid, there is rebuttable presumption of fact that it was received by the addressee: Phœnix Brewing Company v. Weiss, 23 Pa. Superior Ct. 521, and this presumption is strengthened when there is on the envelope a notice to return to the sender if not delivered. The defendant's affidavit avers that, on or about May 1, 1917, the letter in question was duly mailed. The letter was dated May 1, 1917, but the date of the letter authorizes no inference that it was mailed on said date: Phelan v. Northwestern Mut. L. Ins. Co., 113 N. Y. 147; Uhlman v. Arnholdt, Etc., Brewing Co., 53 Fed. 485 (16 Cyc. 1069). "On or about" is an indefinite term which, under the circumstances of the case does not suffice.

The plaintiff's claim is for merchandise furnished from May 5, 1917, to June 5, 1917. The defendant's guarantee continued under its original terms until the alleged modification was received by the plaintiff. Conceding that defendant did send the letter how is the court to determine as to what items of the claim the defense applies? If the defendant was uncertain as to the time, he could have avowed his inability to fix the precise date but could have asserted that the letter was mailed prior to a date of which he was certain, and thus the court could know as to what part of plaintiff's claim the defense applied.

We think the affidavit is insufficient, in that the place of the mailing and the time required for transmission are not stated. In a case like this where the time of receipt is so important these should appear.

The judgment is affirmed.