CASE 47—ACTION BY LIZZIE W. DAVIS V. THE MUTUAL BENEFIT LIFE
INS. CO. ON A POLICY OF INSURANCE ON THE LIFE OF HER DE-
CEASED HUSBAND.—APRIL 29.

# Mutual Benefit Life Insurance Co. v. Davis.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

LIFE INSURANCE—DIVIDENDS—LIMITATION—BORROWING AMOUNT OF
PREMIUM—UNLAWFUL CONDITIONS.

Held: 1. An insurance company, in declaring a dividend out of sur-
plus earnings, could not limit it to such policies as might be
continued in force by the payment of the next premium.

2. An arrangement whereby an insured, who had borrowed the
amount of a premium, was required not only to pay back the
amount borrowed, with interest, but, by failing to pay such
sum or the premium, he suffered not only the loss of the in-
terest, but also a forfeiture of several years of extended in-
surance, was void, as an unlawful forfeiture or penalty for the
use or forbearance of money.

BAIRD & RICHARDSON AND DODD & DODD, FOR APPELLANTS.

HATCHETT & JAMES, FOR APPELLEE.

(No briefs—record can not be found.)

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

Upon December 23, 1889, the appellant issued to the ap-
pellee's husband, Walter D. Davis, a policy of life insur-
ance, by the terms of which it agreed to pay him at the end
of 20 years from that date the sum of $1,000. Should he
die within the endowment period, this sum, after deducting
therefrom all indebtedness to the company, was to be paid
to Lizzie W. Davis; and the policy contained this clause,
which is called "nonforfeiture provisions:" "When after
two full annual premiums shall have been paid on this
policy, it shall cease or become void solely by the non-pay-

ment of any premium when due, its entire net reserve by the American Experience Mortality and interest at four per cent., yearly, less any indebtedness to the company on this policy, shall be applied by the company as a single premium at the company's rates published and in force at this date either, first, to the purchase of nonparticipating term insurance for the full amount insured by this policy, or, second, . . ." And it was further provided in the policy that if the assured paid two full premiums, and then ceased to pay further, the net reserve should extend the policy for its full amount for 8 years and 347 days; and if he paid the third premium, and then ceased, the net reserve should extend the policy for the term of 15 years and 45 days. At the time the policy was issued, Walter D. Davis was 21 years old. The annual premium, as fixed in the policy, was $47.46. The first premium was paid to the company when the policy was issued, and the second upon December 23, 1890, the date it became due. When the third annual premium became due, on December 23, 1891, the insured was unable to meet it with a cash payment, and borrowed the amount from the company, less a dividend declared by it of $6.93; executing for the loan a note or loan certificate. He failed to pay the fourth annual premium, which became due December 23, 1892, at which time the company held another dividend due him of $7.30, which they failed to pay him or credit him with; claiming that the dividend was declared conditionally upon his paying of the premium. After this there was no action taken by either party until August 2, 1901, at which time the insured died; and on the 28th day of September, 1901, the appellee filed this action to recover under the nonforfeiture provisions of this policy. A trial was had, a jury waived, and the court adjudged that the appellee was en-

titled to recover the amount of the policy, less the $40.53 note, with its interest.

The appellant asks a reversal of the case upon the ground that the extended insurance provided for in the policy had expired before the death of Walter D. Davis. Appellant claims that the net reserve to the credit of the insured was $97.53, which would have, under the contract, extended the policy for the full amount for 15 years and 45 days from the 23d day of December, 1892, but that this sum should be reduced by the amount loaned, with its interest, $42.96, leaving, as it claims, $54.57, which was the true net reserve according to the policy; that this sum of $54.57 continued the policy in force, counting his age at 24 years, 7 years and 154 days, making the policy expire May 26, 1900. Appellant also says that it should not account for the last dividend declared due the insured, amounting to $7.30, but that, if it should be chargeable therewith, it would increase the net reserve to only $61.87, which would only extend the insurance for 8 years and 216 days, making the policy expire July 27, 1901—six days before the death of the insured.

The appellant admits that it declared a premium of $7.30 due the insured prior to December 23, 1892, and gave notice to the insured of that fact. But it claims that it declared provisionally upon his paying the premium due December 23, 1892. We are of the opinion that the case of Aetna Life Ins. Co. v. Hartley, 24 R., 57, 67 S. W., 19, 68 S. W., 1081, settles this matter against appellant's contention. The court said: "The company seeks to avoid the effect of this dividend, and the fact of it, too, so far as this policy is concerned, by a proviso in the resolutions declaring the dividend that it should go only to those policy holders that were continued in force thereafter. We are of the opinion that the board of directors had not authority to impose

any such conditions upon their action in declaring the dividend. . . . The insurer could not add the condition that the insured should renew his policy by paying the next instalment to become due, before it would allow him to participate in the surplus already earned by the class to which his policy belonged; nor could it have imposed a condition that this surplus would not be allowed unless the insured paid all the premiums that might accrue under the policy, and the insured outlived the tontine period. Therefore we conclude the insurance company owed the insured on the 10th day of March the sum of $5.65.' In that case this sum was the amount of the dividend, which sum extended the policy a few days beyond the death of the insured, and the court adjudged that the insurance company had the policy to pay.

We can not exactly agree with the actuary's calculations. In the first place, he calculates the extended insurance as of the age of 24 years, when the insured was 21 years of age at the issuance of the policy; and we have been unable to find anything in the policy to authorize such a calculation. In the next place, the calculations are made on a basis of annual premiums of $37.16, instead of $47.46. But even admitting the correctness of these assumptions and calculations on such a basis, it is apparent from the facts in the case that the policy was in force at the time of the death of the insured. It is admitted that two years' premiums in cash were paid, and that it was stipulated in the policy that the net reserve thereon extended the policy 8 years and 347 days, or to December 6, 1900, and it is admitted that the insured is entitled to the first dividend, of $6.93, and we have adjudged that he was entitled to the second dividend, of $7.30. These two sums, amounting to $14.23, evidently would further extend the life policy beyond the life of the

insured.   In the record there appears an insurance manual
for 1901, and a pamphlet issued by appellant for 1879, intro-
duced as evidence by appellant.   According to this manual,
the net reserve for two cash annual premiums, of $37.16
each, is $63.52.    The pamphlet gives the amount of the
single premium to be paid for a special term of years for
the different ages from 25 to 50 years, but it does not give
it for the age of 21.    Appellant's actuary has calculated
and found that for a man 24 years of age a term of 9 years
would cost $64.36.   We have calculated, and found that,
for a man 21 years of age, $63.52 would be more than is re-
quired for a 9-year term, or that $63.52 would extend the
life policy for more than 9 years, or until after December
23, 1901.   Appellant, by its actuary, made the calculation,
assuming that the net reserve was $61.87, on a man 24 years
of age, and ascertained that it would extend the life of the
policy to within 6 days of the death of the insured, or to
July 27, 1901.   We have made the same calculation upon
the same basis, except we calculated the age of the person
at 21—the age of the insured when the policy was issued—
and ascertained that it would extend the life much beyond
the date of the death of the insured, to-wit, August 2, 1901.
According to the appellant's contention, the insured would
have been in much better condition if he had never settled
the third premium.   If he had paid only two premiums, as
shown by the evidence of appellant's actuary and the ex-
hibits filed by him, the insured would have had a net re-
serve of $63.52, which, added to his admitted dividend of
$6.93, amounts to the sum of $70.45—admittedly sufficient
to have carried the policy considerably beyond the date of
his death, although calculated at the age of 24, instead of
21 years.   But the appellant claims that the net reserve for
three annual premiums amounted to $97.53, which, added

to the last dividend of $7.30, makes $104.83, from which it claims that the amount borrowed from it by the insured, with 6 per cent. interest, amounting to $42.96, should be deducted, leaving $61.87 as the amount of the net reserve, which shows that by his borrowing from appellant he not only is required to pay the sum borrowed, together with 6 per cent. interest thereon, but by his failure to pay the sum borrowed, or the payment of his premium, he not only suffered the loss of his 6 per cent. interest which he agreed to pay for forbearance, but suffered the loss, by forfeiture or penalty, of several years of extended insurance on his policy previously paid for by him. This amounted to a forfeiture or penalty for the use or forbearance of money, pure and simple, and is against the policy of the laws of the State, and such a contract ought not to be enforced.

There are other reasons offered by appellee why this judgment should be affirmed, but we deem it unnecessary to discuss them. Wherefore the judgment is affirmed.