(97 South. 856)

No. 23771.

**BORING et al. v. LOUISIANA STATE INS. CO.**

(June 30, 1923. Rehearing Denied Oct. 9, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Insurance** ⬅➝310(2) — **No forfeiture without notice of maturity of note.**

Under Act No. 68 of 1906, prohibiting forfeiture of life insurance policies within one year after default unless notice stating amount of premium, interest, installment, or portion thereof, due has been given, where premium was paid in part and note given for balance, forfeiture upon nonpayment of the note was illegal and of no effect when such notice was not given.

2. **Insurance** ⬅➝310(2)—**Provision in premium note for forfeiture without notice was void.**

Act No. 68 of 1906, requiring notice of maturity of premium as condition precedent to forfeiture within one year after default, becomes part of the policy itself, and stipulation in premium note for forfeiture without notice upon nonpayment is illegal, null, and void under Civil Code, art. 12, declaring that whatever is done in contravention of prohibitory law is void.

**On Application for Rehearing.**

3. **Insurance** ⬅➝310(2)—**Premium notice held insufficient.**

Notice of maturity of premium note was insufficient to authorize forfeiture of policy upon nonpayment, where it was not given at least 15, and not more than 45, days prior to date the note was payable, and did not state that unless payment was made the policy and all payments would be forfeited and void, except as to surrender value, etc., as required by Act No. 68 of 1906.

Overton and St. Paul, JJ., dissenting. O'Niell, C. J., dissenting on rehearing.

Appeal from First Judicial District Court, Parish of Caddo; R. D. Webb, Judge.

Action by Mrs. Mattie Y. Boring and others against the Louisiana State Insurance Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Hampden Story, of Shreveport, for appellees.

Eugene J. McGivney, Abraham Goldberg, Richard B. Montgomery, Denegre, Leovy & Chaffe, and Monte M. Lemann, all of New Orleans, amici curiæ.

LAND, J. Plaintiff, as beneficiary, sues to recover the sum of $5,000 on a life insurance policy of date July 25, 1916, issued by defendant company to her husband, William B. Boring. Defendant company admits proof of the death of the insured, but resists the payment of the policy on the ground that a part of the last installment of the premium for the semiannual period from July 25, 1918, to January 25, 1919, was not paid before the death of the insured, and that the policy had lapsed for nonpayment of the premium.

It is admitted that all premiums were paid in semiannual installments up to July 25, 1918. The semiannual premium of $40.69 for the period from July 25, 1918, to January 25, 1919, was settled by a cheque of date

July 25, 1918, for $20, which was duly paid, and for the balance of this semiannual premium the insured executed his promissory note of date July 25, 1918, for the sum of $20.69, with 5 per cent. interest from date, payable September 25, 1918. The insured died October 23, 1918. On October 25, 1918, the plaintiff forwarded to defendant company a cheque for the balance of the premium, as evidenced by said note; but defendant company refused to accept same, as the insured was then dead.

It is admitted that on or about July 1, 1918, defendant company addressed and mailed to W. B. Boring a notice that the premium for the semiannual, installment from July 25, 1918, to January 25, 1919, amounting to $40.69, would fall due July 25, 1918.

It is also admitted that, before said note matured, defendant company notified W. B. Boring by letter addressed and mailed to him at Mooringsport, La., his post office address, of the maturity of said note. The letter referred to is found at page 23 of the transcript, and reads as follows:

"July 26, 1918.
"Dr. W. B. Boring, Mooringsport, La.—Dear Sir: We are in receipt of your letter of yesterdays date inclosing check for $20.00 July 25th, and we inclose herewith note for $20.69, dated July 25th, and due September 25th, which kindly sign and return to us by mail.
"Yours truly, ————, Secretary."

It is self-evident that this letter is not a notice at all of the maturity of the note, which was not even in existence at the date of the letter. The note had not then been executed by Boring, but was inclosed in the letter to be signed by him and returned to defendant company. The words "note for $20.69, dated July 25th, and due September 25th," are merely descriptive of the note which defendant company had requested Boring to sign and return to it. In addition to this, defendant company had no intention of notifying Boring of the maturity of this note, and had stipulated in the note itself against the necessity of any notice before forfeiting this policy, as clearly shown by the following provision in said note:

"If this note be not paid at maturity, said policy shall, without notice, or an affirmative act on the part of the company or any of its officers or agents be null and void, except as provided in the policy."

In addition to this, counsel for plaintiff attacks this letter as insufficient as a statutory notice. The letter purporting to give notice to the insured as to the date of the maturity of the installment premium note is of date July 26, 1918.

Act 68 of 1906 expressly requires that the notice given under it shall be addressed and mailed to the person whose life is insured "at least fifteen and not more than forty-five days prior to the day when the same is payable," and provides that "the notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, * * * the policy and all payments thereon will become forfeited and void except as to the right to a surrender value, extended insurance, or paid-up policy."

As this note for the payment of a portion of the premium was not due until September 25, 1918, this letter, if construed as a notice, was issued 60 days, instead of "not more than forty-five days prior to the day when the same is payable," and is also deficient as a notice, as it does not contain the essential statutory declaration that "the policy and all the payments thereon will become forfeited and void except as to a surrender value, extended insurance, or paid-up policy."

[1] Act 68 of 1906 provides:

"That no life insurance corporation * * * doing business in this state shall within one year after the default in payment of any premium, installment or interest declare forfeited, or lapsed, any policy hereafter issued or renewed, [with certain exceptions], * * *

unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, * * * at his or her last known post office address in this state, postage paid," etc.

The letter relied on as a notice in this case fails to comply with these requisites of the statute also.

It is clear from the language of the act that this notice to the insured is necessary where the "premium, interest, installment, or portion thereof," is due on the policy.

The policy in this case was declared lapsed or forfeited by letter of said company of date October 22, 1918, for nonpayment of $20.69 with interest, "a portion of" the installment or premium due for the semiannual period from July 25, 1918, to January 25, 1919. Plaintiff contends that, no legal notice having been addressed and mailed to the insured, said forfeiture was illegal until after a year from September 25, 1918, when said premium became due.

Plaintiff's contention, in our opinion, is well taken. The sending of such notice within the delay fixed by the statute is made mandatory, and the act prohibits life insurance companies from forfeiting policies for default in payment of premiums or any portion thereof, unless the necessary written or printed notice is given. The notice prescribed by the statute is, therefore, a condition precedent to the forfeiture of the policy. It follows then that any forfeiture of a policy made by a life insurance company, in the absence of a statutory notice, is illegal and of no effect.

[2] Able counsel for defendant company, realizing the defects in the notice in this case, have set up in the answer the stipulation between the insured and said company contained in the premium installment note due September 25, 1918, to the effect that, if said note is not paid at maturity, the policy shall be forfeited, without any notice or affirmative act upon the part of the company.

The note containing this stipulation does not and could not operate as a novation of the policy or original contract of insurance in this case, for the simple reason that said policy, not being "a term insurance contract for one year or less," and not being excepted from the operation of the act, was subject to its provisions as to the giving of said notice. These provisions therefore formed a part of the policy issued in this case, as much so as if they had been expressly written into the policy itself.

Act 68 of 1906 being a prohibitory law, and its provisions, as to notice, being incorporated, to all legal intent and purpose, into the policy itself, such policy could not be changed or forfeited under a new and independent stipulation between the insured and defendant company in contravention of such prohibitory statute. Article 12 of the Civil Code of this state expressly provides that—

"Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed."

Therefore the stipulation in said installment premium note that said policy should be forfeited upon failure to pay said note at maturity, without notice, was illegal, null, and void, and the policy, or the original contract of insurance in this case, was left intact as to the legal requirement that the statutory notice be given. The amount due on said note remained intact also as an installment or portion of the premium due under the policy, and not as a mere debt segregated from the policy and arising from said note, and subject to the new convention or agreement between the parties, embodied therein.

Neither extension of time of payment of the premium nor any other consideration can be justly held a legal and valid cause for the

violation of a prohibitory law, founded in a wise and beneficent public policy.

Any other view of this matter would, in our opinion, eviscerate the act and defeat its salutary purpose.

. The note given in this case was clearly intended as an evasion of the law of this state, and if a stipulation for the forfeiture of a life insurance policy, without notice and in contravention of the statute, can be legally made in an installment premium note under one life insurance policy, then it can be made under all such policies coming under the act. Then of what avail or protection to the insured is the statute?

The fixed public policy of this state for the last 16 years has been against the forfeiture of policies by life insurance companies, unless after due legal notice. The object of the act is to protect the insured against losing his policy, through mere neglect to pay the premium, and also to give him a fair chance to meet the payments when due.

We are therefore of the opinion that plaintiff should recover, as the policy in this case was illegally forfeited by defendant company, and plaintiff's suit has been instituted within the limitation of Act 68 of 1906.

The judgment of the lower court is in favor of plaintiff for the amount of the policy with interest, less the amount of premium due for the current year of the policy.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.

OVERTON and ST. PAUL, JJ., dissent.

### On Application for Rehearing.

PER CURIAM. [3] The court in its original opinion was in error in referring to the letter of July 26, 1918, as the letter which defendant company had addressed and mailed to the insured, at Mooringsport, La., his post office address, notifying him of the maturity of the premium note for the sum of $20.69, due September 25, 1918. The letter in question is not in the transcript; but it is admitted that, "before said note matured, it notified said Dr. W. B. Boring by letter addressed to him at Mooringsport, La., his post office address, of the maturity of said note."

This notification is not a compliance with Act 68 of 1906, as it is not pretended that it was given "at least fifteen and not more than forty-five days prior to the day when the same is payable."

Said notification is also deficient in omitting to state, as required by the statute, that—

"Unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation * * * by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value, extended insurance, or paid-up policy."

Act 68 of 1906 is founded in a wise public policy; it prohibits the forfeiture of policies by life insurance companies for default in payment of any premium, interest, or installment, or any portion thereof, unless the statutory notice has been mailed to the policy holder, at his last-known post office address in this state.

The application for rehearing is, therefore, refused.

O'NIELL, C. J., and OVERTON and ST. PAUL, JJ., dissenting.