COURTNEY et al. v. VOLUNTEER STATE
LIFE INS. CO.
No. 1952.

Court of Appeal of Louisiana. First Circuit.
March 22, 1939.

C. G. Spaht and Bert E. Durrett, both of
Baton Rouge, for appellants.

Eugene J. McGivney and Solomon S.
Goldman, both of New Orleans, and James
M. Barnett, of Baton Rouge, for appellee.

Le BLANC, Judge.

The question involved in this suit re-
lates to the forfeiture of a life insurance
policy. From a judgment sustaining the
contention of the defendant insurance com-
pany that the insured had died after the
full reserve value under the policy had
been consumed in maintaining it in force
and the policy had lapsed for his failure to
have reinstated it, the plaintiffs, benefici-

aries under the policy, have taken this ap-
peal.

The policy was taken by and issued in
the name of Cleveland W. Courtney, De-
cember 6, 1930, by the Southern States
Life Insurance Company but it was subse-
quently assigned to The Volunteer State
Life Insurance Company, the latter com-
pany having assumed all obligations of the
insurer thereunder. The face value of the
policy was the sum of $1000 and the premi-
um which was payable annually in ad-
vance, including disability benefits, amount-
ed to $28.92. The policy took effect on
December 6, 1930, when the first premium
was paid and thereafter, only one more
premium, that is the one due December 6,
1931, was paid by the insured. On Octo-
ber 13, 1933, the insured died and plain-
tiffs, Charles W. Courtney and Mary D.
Courtney, as sole beneficiaries under the
policy, applied to the defendant for the
proper forms in order to make proof of
death which defendant refused to furnish,
notifying them at the same time that it de-
nied all liability.

After having been cited and served with
a copy of the original petition filed in the
suit, defendant filed an exception of no
cause or right of action and in the alterna-
tive, an exception of vagueness based on
the ground that plaintiffs had not set forth
the facts on which they contended that the
policy had been kept in force and effect
until the death of the insured. In a supple-
mental petition, prompted no doubt by the
exceptions which defendant had filed,
plaintiffs alleged, upon information and be-
lief, that all premiums due on the policy
had been paid, and then, in the alternative,
they set out that in the event it should be
shown that the said premiums were not
paid, the policy was nevertheless in full
force and effect for the reason that the de-
ceased insured had not been timely and
legally notified in the manner prescribed
by law that any premium or premiums due
were past due and unpaid and that defend-
ant's failure to have complied with the
statutory provisions involved had the ef-
fect of keeping the policy alive and there-
fore it was in full force and effect on the
date of the death of the insured.

It is not now disputed that the insured
had failed to pay the third annual premium
when it became due on December 6, 1932,
and it is shown that a notice in some form
had been timely sent to him. The conten-.

tion of the defendant is that the notice sent was in compliance with the provisions of the statute, Act No. 68 of 1906, and that upon failure by the insured to have paid the premium on the date it was due or within the period of grace, the reserve accumulated on the policy was used to apply under the automatic non-forfeitable loan provision of the policy; that there was sufficient reserve to continue the policy in force until May 15, 1933, on which date it lapsed, and as the assured died subsequently to that date, the beneficiaries can not recover.

The first point involved in the case is with regard to the validity and legality of the notice of premium due December 6, 1932, which notice was sent to the insured by the defendant on November 5, 1932.

By the provisions of Act No. 68 of 1906, no insurance corporation doing business in this State shall, within one year after default in payment of any premium, instalment or interest, declare forfeited or lapsed, any policy, excepting policies of a certain type not of the kind involved in this case, unless a written or printed notice as provided for in the statute itself, shall have been duly addressed and mailed to the insured or assignee under the policy, at least fifteen days and not more than forty-five days prior to the date when the same is payable. The statute further prescribes that "the notice shall also state that unless such premium, interest and instalment or portion thereof, when due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the date it falls due, the policy and all payments thereunder will become forfeited and void *except as to the right to a surrender value, extended insurance or paid up policy.*" We purposely italicize the last clause in this provision because it is on the failure of the notice given in this case to specifically note these exceptions that plaintiffs base their contention that it is deficient and therefore illegal.

The notice which in all other respects seems to comply with the provisions of the statute reads as follows: "Unless the payment described shall be made to the company or to the agent herein named, on the due date thereof, or within the grace period provided by the policy, the policy and all payments thereon shall become forfeited and void, *except as otherwise expressly stipulated.*" We here purposely again

italicize the language of the notice as used in expressing the exception, in order to show the exact difference to that used in the statute.

Counsel for defendant urge in the first place, that the language of the notice is in substantial compliance with the requirement of the statute, and otherwise they contend that it is less misleading than that of the statute because in this case, the policy itself contained a further provision than the three mentioned in the exception clause in the statute, one which they say was of greater advantage to the insured and which is the very one that was applied to the policy. They refer to the automatic loan provision under which the accumulated reserve was used to continue the policy in force exactly as it was written until May 15, 1933. They contend further that by the failure of the owner of the policy to have availed himself of any other option expressed therein that that is what the law directed them to do, as is prescribed by Act No. 193 of 1906, as amended by Act No. 57 of 1932.

There is considerable merit, as we find, in the argument presented to the effect that if the notice must follow the strict language of the statute in a case where the policy contains provisions more favorable to the insured than his "right to a surrender value, extended insurance or paid up value" as provided in the exception noted in the statutory notice, he may well be deceived and led to believe that he was not entitled to any guarantees other than those mentioned in the statutory notice and he would thus lose the advantages offered by those in his policy which are additionally provided therein. A notice on the other hand which calls his attention to the exceptions as provided for in the guarantees found in the policy itself might direct him to a more careful consideration of the benefits and guarantees which he is given, and spur him to greater diligence in paying his premium, which after all is the very purpose of the notice.

This argument seems to find support, in our opinion, in certain cases outside of Louisiana to which we have been referred, notably, McCormack v. Security Mutual Life Insurance Company, 220 N.Y. 447, 116 N.E. 74; McDougall v. Provident Sav. Life Soc., 135 N.Y. 551, 32 N.E. 251; Nederland Life Insurance Company v. Meinert, 199 U.S. 171, 26 S.Ct. 15, 50 L.Ed. 139, 4 Ann.Cas. 480. On the other hand the

only case in Louisiana in which the point seems to have been considered by the Supreme Court, although not actually passed on, indicated that a literal compliance with the language of the statutory notice is required. Boring et al. v. Louisiana State Insurance Company, 154 La. 549, 97 So. 856.

However, in view of the conclusion which we have reached on another point involved and which we hold to be decisive of the case, it is unnecessary for us to determine the question of the legality of the notice as given by the insurance company herein.

After his failure to pay the premium within the days of grace provided for, the insured was addressed a letter by the defendant, dated January 16, 1933, calling his attention to the expiration of the period of grace on January 6, 1933, and asking him to let his check come forward by return mail. In his further failure to heed that request, he was notified by a letter dated February 6, 1933 that defendant had been forced to apply the automatic non-forfeiture provision contained in his policy, and that by such application they had placed an automatic loan of the full amount available, amounting, with interest, to the sum of $13 against the policy and that under that arrangement it would be continued in force until May 15, 1933. This letter contained the following warning: "Unless some payment is made the entire value of the policy will be consumed on that date and then the insurance will cease." Nothing further was done by either the insured or the company until May 16, 1933, on which date the defendant addressed another letter to the insured to the effect that his policy had ceased to be in force May 15, 1933, the full reserve value having been consumed on that date. Several communications were afterwards addressed to the insured urging him to take steps to reinstate his policy but as we think the rights and obligations under the policy have to be determined on what transpired before May 15, 1933, it is unnecessary to refer to the letters written after that date.

■ The sole effect of the defendant's action as outlined in its letter of February 6, 1933 was to have constituted such action as a loan to the insured by which a part of the premium due by him was paid and by which the policy was continued in force until May 15, 1933, the same in our opinion, as though he had requested a loan and it had been granted. With this difference the case then presents a situation almost similar to that which is found to have existed in the case of Boring et al. v. Louisiana State Insurance Company, supra. In that case part of the premium due was paid in cash on July 25, 1918 and the balance by a note payable September 25, 1918. In this case, no note was exacted or required because the automatic loan provision of the policy as construed by the insurance company itself, had the same effect as the giving of a note would have had, with a maturity date fixed as of May 15, 1933. In the Boring case, notwithstanding the fact that the note by its own terms waived notice of maturity and the further fact, as shown by certain admissions made, that the insurance company had notified the insured by letter of its maturity, the Supreme Court held that such notice was not in compliance with the statute as it was not pretended that it had been given within the period of time therein provided, and that it was also deficient in having omitted to state the other requirements of the statute providing for such notice. In this case, the only notice of maturity of the automatic loan, to-wit May 15, 1933, which had been fixed by the defendant itself, was given by letter addressed to the assured on February 6, 1933, nearly three months before, and the only warning it contained was that "unless some payment is made the entire value of the policy will be consumed on that date and then the insurance will cease." Clearly there was as much failure of compliance with the statutory provision as there was in the Boring case, and under that authority we are constrained to hold that the policy was illegally forfeited. See also Jasper v. Mutual Life Insurance Company, 10 La.App. 259, 120 So. 714.

It is urged that on this interpretation, an insurance company would be required to give two notices whereas the statute only provides for one. Be that as it may, we understand that to be the interpretation placed on the statute by the Supreme Court in the Boring case, which of course we have to follow.

Under its own terms and provisions, the policy in this case carried extended insurance for one year and eight months and as the insured died within that period the beneficiaries are entitled to recover thereunder.

For the reasons herein stated it is ordered that the judgment appealed from be and the same is hereby reversed, set aside

and annulled and it is now ordered that there be judgment herein in favor of the plaintiffs, Charlie W. Courtney and Mary D. Courtney and against the defendant, The Volunteer State Life Insurance Company, for the full sum of $1000, with interest thereon at 6% per annum from October 13, 1933, until paid and all costs of these proceedings.