HAWTHORNE, Justice.
Defendant, Prudential Insurance Company of America, has appealed from a judgment of the district court ordering it, as insurer, to pay to Mrs. Lola Derouen Dupuis, beneficiary named in a life insurance policy issued on the life of her husband, Victor L. Dupuis, Sr., the sum of $2957.38 with legal interest thereon from judicial demand until paid.
The defendant on September 1, 1921, issued a “20-payment life policy” on the life of Victor L. Dupuis, Sr., in the amount of $5000.00, which provided that an annual premium of $145.55 was to be paid until 20 *449 full years’ premiums were paid or until the prior death of the insured, and that after the payment of 20 full years’ premiums the policy would be considered paid in full. The insured failed to pay the twentieth and last premium which fell due op .September 1, 1940.
According to plaintiff’s allegations, which were admitted in defendant’s answer, upon the failure of the insured to pay the 'last premium when due or within the period of grace the defendant deducted the sum of $1927.00, representing a loan indebtedness of the insured against the policy, plus $115.62 interest due thereon, from, the cash surrender value of the policy amounting to $2365.00, plus a 1940 dividend in the sum of $28.25, and applied the total available, the sum of $350.63, to purchase extended term insurance in the amount of $2957.38 on the life of the insured, calculated for the age of 49, the insured’s age at the time he failed to pay the premium due on September 1, 1940. This extended term insurance expired on September 23, 1949, a little more than nine years from the due date of the premium which the insured had failed to pay. On October 16, 1949, after the expiration date of this extended term insurance, Victor L. Dupuis, Sr., the insured, died.
Defendant-appellant takes the position :that, under the provisions of the policy and ,the law of this state, it was proper for it to •issue the extended term insurance, or a non:participating paid-up term policy, and 'that, since this extended term insurance expired prior to' the death of the insured, plaintiff is hot entitled to recover anything under the policy.
The “20-payment life policy” of insurance provided that, if it should lapse or become forfeited for the nonpayment of premiums, the policy could be surrendered either for its cash value or for a paid-up life policy. The insured did not exercise either one . of these options. .. For this eventuality the policy provided:
“Automatic Extended Insurance. — If this Policy, having lapsed or become forfeited as specified in the clause ‘Paid-up Life Policy,’ above, be not surrendered for its Cash Value or for a Paid-up- Life Policy, the Company will put in force in lieu of this Policy, without any action on the part of the Insured, a- nonparticipating. Paid-up Term Policy for the full amount insured by this Policy, the date of such Paid-up Term Policy to be the due date as specified on the first page hereof to which premiums on this Policy have been paid, and to continue in force for the term indicated by the following ■table; . provided, however, that the Insured shall not have the right to borrow on such Policy and if there be any indebtedness to the Company on account of this Policy the amount of such Paid-up Term Policy shall be the face amount of this Policy less the amount of such indebtedness, and the term for which such -Paid-up Term *451 Policy • shall rim shall he changed to that term for which the Cash Surrender Value of this Policy herein specified, after deducting such indebtedness, will carry the modified amount at Single Premium Term rates. * * *”
Section 2 of Act 193 of 1906, the statute in force at the time this policy was issued, provided:
“ * * * no policy of life or endowment insurance (other than a term policy for twenty years or less) issued by any legal reserve life insurance company on or after January first, nineteen hundred and seven, after being in force three full years shall by its terms lapse or become forfeited by the non-payment of any premium or any note therefor, or of any loan on such policy or of any interest on such note or loan. The reserve on such policy computed according to the standard adopted by said company, together with the value of any dividend additions upon said policy, after deducting any indebtedness to the company and one-fifth of the said entire reserve, shall upon demand with surrender of the policy be applied as a surrender value as agreed upon in the policy, provided that if no other option expressed in the policy be availed of by the owner thereof, the same without any further act on the part of the owner .of the policy, shall be applied to continue the insurance in force at its full amount including any outstanding dividend additions less any outstanding indebtedness on the policy, so long as such surrender value will purchase nonparticipating temporary insurance at net single premium rates by the standard adopted by the company, at the age of the insured at the time of lapse or forfeiture * * *.” (Italics ours.)
Thus the insurance company in the instant case not only complied with the provisions of the policy but also complied with the requirements of the statute quoted hereinabove, for, after the policy had lapsed for the non-payment of the premium due and the insured had failed to exercise one of the options expressed in the policy, “without any further act on the part of the owner of the policy” the company applied the sum available, $350.63, to purchase for the insured a non-participating paid-up term insurance policy.
The lower court was of the opinion that, since the policy of insurance in the instant case had a cash surrender value of $350.63 on September 1, 1940, it was the duty of the insurance company to apply a sufficient portion of this amount to pay the last premium of $145.55 which fell due on September 1 of that year upon the failure of the insured to make such payment; that therefore the policy was in full force and effect as a fully paid up policy and was in full force and effect at the time of the insured’s death, and that the beneficiary was entitled to recover the face amount of *453 the policy less any indebtedness due thereon. In support of this holding the court cited the case of Dreher v. Guaranty Income Life Ins. Co., 196 La. 326, 199 So. 135, 139, in which this court stated:
“The settled jurisprudence here and ■elsewhere is that it is the duty of the insurer' to use any credits due on a participating policy for the benefit of the policy so as to keep it in force as •originally issued as long as possible. Finley v. Massachusetts Mut. Life Ins. Co., 172 La. 477, 134 So. 399, and authorities there cited.”
This principle of law is not applicable to the facts of the instant case, since the policy and the statute expressly provided what should be done with the reserve or cash surrender value of the policy under facts and circumstances which we have here.
Appellee does not contend or argue that the insurance company by issuing the extended term insurance violated any provision of the policy or any requirement of the law of this state, but contends that there was an equitable duty on the insurance company to apply a sufficient amount out of the reserve or cash surrender value to pay the last insurance premium which fell due on September 1, 1940, so as to-make the policy paid up in full, under the authority of the case of Salomon v. Equitable Life Assur. Soc. of United States, 202 La. 1001, 13 So.2d 329, Id., 205 La. 941, 18 So. 2d 509, 161 A.L.R. 1097.
That case is not pertinent or controlling here. There the insured had signed a dividend election 'clause instructing the insurer to apply any future dividends to the payment of any premium due on the policy. The dividend due on the policy was sufficient to pay a quarterly installment of the premium, a method of payment authorized by the policy, and during the period within which the dividend would have purchased additional insurance if so applied the insured mailed the insurance company a remittance which, together with the dividend, paid the entire premium for that year.
In the instant case we have before us not the question of whether a dividend should be applied to the payment of a premium due, but the question of whether a sufficient amount should have been deducted or paid from the reserve or cash surrender value-of the policy to pay the premium and make the policy paid up in full. It is true there was a small dividend due the insured amounting to $28.25, 'but this wa.s riot sufficient even to pay a quarterly, premium, and in any event the insured had given his express consent in the loan agreement that any dividend could be applied on his loan indebtedness on the policy and never directed that it be applied toward the payment of any premium. We know of no authority to support the contention that the defendant should have paid the premium out of the reserve or cash surrender value of the policy so as to make the policy fully paid u'p.
Under the facts in the instant case we cannot find that there was an equitable *455 duty on the insurer to p'ay the premium out of the reserve. In civil matters the court' may decide' according to equity where there is no express law, LSA-Civil Code, Art. 21, but here there was a statute expressly prescribing the procedure to be followed by the insurer in a case such as this, and the insurance company fully complied with the requirements of this statute as well as with the provisions of the policy.
Appellee contends in the alternative that the extended term insurance did not lapse on September 23, 1949, because the insurance company failed to give decedent written notice in advance of its expiration as required by Act 68 of 1906'.
The extended term insurance which was purchased with the reserve or cash surrender value had a fixed term to run and expired oh September 23, 1949, and no further premiums were due by the insured to keep the insurance in full force and effect. Act 68 of 1906 was, according to its title, “An Act Prohibiting life insurance companies from forfeiting policies for default in payment of premium, interest or installment, unless written or printed notice has been mailed to the policy holder or the assignee of the policy.” In the case of Boring v. Louisiana State Ins. Co., 154 La. 549, 97 So. 856, 858, this court said:
“ * * * The object of the act is to protect the insured against losing his policy, through mere neglect to pay the premium, and also to give him a fair chance to meet the payments when due.”
Since no premium 'was due on the extended term insurance and it expired on a fixed date, no notice was necessary under the provisions of the cited statute, which required that notice be given only when the policy was to be forfeited for non-payment of premiums, interest, or installments.
Appellee further contends in the alternative that the defendant should have computed the extended term insurance based on age 30, the insured’s age when the original 20-payment life policy was issued, rather than on. age 49, the insured’s age on the date the policy lapsed or became forfeited, and that under such computation the extended term insurance would have been in full force and effect at the time of the death of the insured. The answer to this contention is that Section 2 of Act 193 of 1906 provided that such extended term insurance should be computed “at the age of the insured at the time of lapse or forfeiture”, and that is what the insurance company did in the instant case. The case, of Mutual Benefit Life Ins. Co. v. Davis, 115 Ky. 404, 73 S.W. 1020, decided by the Court of Appeals of Kentucky, upon which appellee relies, is not applicable here, in view of this express provision of our statute.
For the reasons assigned, the judgment appealed from is reversed and set aside, and plaintiff’s suit is dismissed. Plaintiffappellee is to pay all costs.