McINNIS, Judge.
This is a proceeding under the Intrusion Into Office Act, LSA-R.S. 42:76 et seq., contesting the right of Ed Hislop, Jr., to hold the office of member of the Board of Aldermen of the City of West Monroe, Louisiana, under an appointment by Governor Robert F. Kennon. His commission is dated July 30, 1952 to fill one of the three vacancies in the office of Alderman, caused by resignations of incumbents, leaving unexpired terms of more than one year.
It is alleged that the appointment, commission and oath of office were illegal, unconstitutional, null, void and of no legal effect, were violative of the express and implied provisions of the constitution, LSA-Revised Statutes of 1950, the West Monroe City Charter and other laws of the State of Louisiana, and especially (but not exclusively), the following:
(a) Article 5, Section 11 of the Louisiana Constitution,
(b) Act 145 of the' Louisiana Legislature for the year of 1926, as amended by Act 104 of 1932 and as further amended by Act 278 of 1940 and particularly Section 29 thereof.
(c) LSA-Revised Statutes of Louisiana (1950) 42:373.
It is further alleged that Respondent is presently pretending to exercise the functions and duties of Alderman, has been receiving the emoluments of said office, that 'he is an usurper; has intruded into, and unlawfully holds and attempts to remain in'said office. That there is no adverse claimant to said office, however, because of the invalidity of Respondent’s appointment, a vacancy exists which should be filled by election.
Respondent' answered, admitting that he is holding the office of Alderman, exercising the functions and duties thereof and receiving the emoluments. Also admits that there is no adverse claimant to the office, but denies that a vacancy exists and that an election should be called. He annexes to his answer an opinion from the Attorney General’s Office, dated May 12, 1947, holding that if the unexpired term of the Mayor is more than one year the Governor is empowered to appoint a Mayor.
After the evidence had been taken, but before any judgment was rendered, Respondent filed an exception of no cause or right of action, for the reason that the suit is not in accord with the law as set forth in LSA-R.S. 42:76 and LSA-R.S.-42:79. December 18, 1952 judgment was rendered overruling the exception, and on the merits there was judgment in favor of Relator and against Respondent, declaring his appointment unconstitutional, null, void and of no legal effect, and decreeing the office of Alderman vacant, and ordering that an election be called to fill the vacancy.
From this judgment Respondent prosecutes a suspensive and devolutive appeal.
All of the contentions made by' Respondent have been answered adversely to his contentions by the Honorable Supreme Court in the cases of Chappuis v. Reggie, 222 La. 35, 62 So.2d 92 and Babineaux v. Lacobie, 222 La. 451, 62 So.2d 95; the only difference in these cases and the one under consideration here being that rival claimants to the office of City Judge in Crowley’ and Lafayette were involved and here there is no adverse claimant to the office of Alderman. However, two cases, originating at West Monroe, involving the right of the City Judge and the Mayor of West Monroe to office, where there were no adverse claimants to these offices, have been decided' by the Honorable Supreme *392 Court, but not yet reported. These cases are State of Louisiana ex rel. Fudickar, Dist. Atty. v. Heard, 223 La.-, 65 So.2d 112 and State of Louisiana ex rel. Fudickar, Dist. Atty. v. Norris, 223 La. -, 65 So.2d 115. Heard had been appointed City Judge of West Monroe to fill a vacancy caused by resignation of the City Judge, and Norris had been appointed Mayor of West Monroe to fill a vacancy caused by resignation of the Mayor. The unexpired terms of each of these offices had more than a year to run.
The holding of the Honorable Supreme Court, and the reasons assigned in the opinions in the cited cases are decisive of the issues involved in the contest under consideration. To repeat the reasons assigned by the Supreme Court, in this opinion, would serve no useful purpose. We, therefore, assign the same reasons for our judgment in this case.
It follows that the judgment appealed from is affirmed at the cost of Respondent-in both courts.